| PATRICIA RIVET MURRAY, Judge.
This is an appeal from a contempt judgment. The sole issue is whether the trial court erred in imposing a fine in excess of the statutory maximum of $500.00 and ordering the payment of that fine to a third party. Finding the trial court erred in both respects, we reverse in part.
FACTUAL AND PROCEDURAL BACKGROUND
On February 27, 2003, Katherine and E. Howell Crosby sued Ms. Peggy V. Ogden and her company, Armadillo-South Architectural Salvage, Inc., seeking to recover three sets of shutters that were stolen from the Crosbys’ house on September 5, 2002. The Crosbys maintain that the shutters are original to the historic home, which was built in 1910. On October 12, 2002, the Crosbys located the shutters at Ms. Ogden’s place of business. The New Orleans Police Department (NOPD) took the shutters into its custody as evidence.
On March 19, 2003, the trial court ordered the NOPD to maintain custody and control of the shutters, subject to the further orders of the court. A copy of that order was sent to Ms. Ogden’s counsel.
LQn April 3, 2003, the Crosbys filed a Motion for Contempt against Ms. Ogden in connection with her actions following the issuance of that court order. Particularly, the Crosbys alleged that on April 3, 2003, Ms. Odgen directly and intentionally violated that order by: (i) contacting the district attorney’s office, (ii) informing that office that the matter was over and that the Crosbys no longer claimed ownership of the shutters, and (iii) requesting that office release the shutters to her custody. Because the NOPD informed the district attorney’s office of the court’s order, the shutters were not released.
On June 27, 2003, following a hearing, the trial court determined that Ms. Ogden’s actions were in blatant disregard of the court’s order. The trial court thus held Ms. Ogden in contempt of court. Adopting the Crosbys’ suggestion as to the appropriate contempt sanction, the trial court ordered Ms. Ogden to make 'a $1,500.00 contribution to the Preservation Resource Center. This appeal followed.
ANALYSIS
On appeal, Ms. Ogden’s sole assignment of error is that the fine was improper because it exceeded the statutory limit of $500.00 and because the court ordered the fine be paid to an entity other than the court.[1] The Crosbys counter that the $1,500.00 fine does not exceed the $500.00 statutory limit because Ms. Ogden violated the court’s order with respect to three separate sets of shutters and thereby subjected herself to a contempt fine of $500.00 per set of shutters for a total of $1,500.00. The Crosbys further argued that the trial court’s order that Ms. Ogden pay the fine to the Preservation Resource Center was appropriate because it did not benefit any litigant.[2]
*1073 lsThe Louisiana Constitution permits the statutory limitation of a court’s contempt power. Reeves v. Thompson, 95-0321, p. 16 (La.App. 4 Cir. 12/11/96), 685 So.2d 575, 582. It provides that “[t]he power to punish for contempt of court shall be limited by law.” La. Const, art. V, § 2. The Louisiana Legislature has limited the court’s contempt power by enacting La. R.S. 13:4611(l)(d), which imposes a $500.00 cap on the fine a court can impose for the type of contempt presented in this case.[3]
The jurisprudence has recognized that this statute does not prohibit the accrual of fines for separate acts of contempt. City of Kenner v. Jumonville, 97-125, p. 19 (La.App. 5 Cir. 8/27/97), 701 So.2d 223, 233 (noting the jurisprudence has recognized the validity of judgments that assess a per day contempt fine for non-compliance). Based on the latter jurisprudence, the Crosbys argue that the trial court’s $1,500.00 sanction does not violate this statute because it can be interpreted as assessing three separate fines for three separate violations, ie., the three sets of shutters. We disagree.
In this case, there was only a single act of contempt — Ms. Ogden’s contacting the district attorney’s office in disregard of the court’s order. The trial court thus erred in imposing a fine in excess of the statutory maximum. We thus reduce the fine to $500.00.
14As noted, Ms. Ogden also alleges that the trial court erred in ordering that the fine be paid to a third party, the Preservation Resource Center, a non-profit organization dedicated to the preservation of historic New Orleans homes. The jurisprudence has held that the fine must be made payable to the court, not to a party. Jumonville, 97-125 at pp. 14-15, 701 So.2d at 231. The reason for this requirement is that contempt proceedings are designed for the vindication of the dignity of the court rather than for the benefit of a litigant. Davis v. Harmony House Nursing Home, 35-080, p. 5 (La. App. 2 Cir.10/31/01), 800 So.2d 92, 96.
Although we acknowledge as the Crosbys contend that the payment of the fine to that organization did not directly benefit a litigant, we find no authority for allowing a court to order payment of a fine to a third party. Rather, as noted above, the jurisprudence holds that “[t]he fine must be payable to the court itself.” Brunet v. Magnolia Quarterboats, Inc., 97-187, p. 11 (La.App. 5 Cir. 3/11/98), 711 So.2d 308, 313. Moreover, the jurisprudence holds that proceedings for contempt must be strictly construed, and the law does not favor extending their scope. Magnolia Quarterboats, 97-187 at p. 10, 711 So.2d at 313 (citing Estate of Graham v. Levy, 93-0636, 93-0134 (La.App. 1 Cir. 4/8/94), 636 So.2d 287, 290). We thus find the trial court erred in ordering the fine be paid to the Preservation Resource Center and modify the trial court’s judgment to reflect that the fine is payable to the trial court.

*1074
DECREE

For the foregoing reasons, we reverse in part the judgment of the trial court, reducing the fíne to $500.00 and directing that the fine be paid to the trial court. In all other respects, we affirm.
REVERSED IN PART; AFFIRMED IN PART.

. Ms. Ogden does not dispute the contempt finding.

. Although the Crosbys also argue that Ms. Ogden's payment of the fine rendered this appeal moot, we find that argument unpersuasive.

. La. R.S. 13:4611 provides:
Except as otherwise provided by law:
(1) The supreme court, the courts of appeal, the district courts, family courts, juvenile courts and the city courts may punish a person adjudged guilty of contempt of court therein, as follows:
[[Image here]]
(d) For any other contempt of court ... by a fine of not more than five hundred dollars, or imprisonment for not more than three months, or both.