918 So.2d 47 (2005)
Nathaniel JOSEPH
v.
ENTERGY and the City of New Orleans.
No. 2005-CA-0263.
Court of Appeal of Louisiana, Fourth Circuit.
August 3, 2005.
*48 Marc D. Winsberg, Andrea V. Timpa, Schonekas, Winsberg, Evans & McGoey, L.L.C., New Orleans, LA, for Appellee, Entergy New Orleans, Inc.
Philip C. Ciaccio, Jr., New Orleans, LA, for Third Party Defendants/Appellants, Tristem, Ltd., and Joe Seeber.
(Court composed of Judge JAMES F. McKAY III, Judge MICHAEL E. KIRBY, Judge TERRI F. LOVE).
JAMES F. McKAY III, Judge.
This is an appeal from a contempt judgment. For the reasons set forth below, the judgment is affirmed in part, vacated in part and remanded in part.

*49 STATEMENT OF FACTS AND PROCEDURAL HISTORY
The plaintiff, Nathaniel Joseph, filed suit against Entergy and the City of New Orleans for injuries sustained when a light pole fell and hit him on his head. Entergy filed a third party demand seeking indemnity from TriStem, Ltd. ("TriStem"), a Texas consulting company, and several other third party defendants. Entergy asserted in the third party demand that TriStem, while acting as a consultant to the City of New Orleans, performed an audit of the streetlights and failed to discover that the light pole in question was in disrepair. The trial court severed the third party demand and tried the plaintiff's case against Entergy and the City of New Orleans. Judgment was rendered only against Entergy. Entergy paid the judgment rendered in favor of the plaintiff and proceeded with the third party indemnity action. On June 22, 2004, Entergy filed a motion for protective order and contempt against TriStem. The motion alleged that TriStem's president, Joe Seeber ("Seeber"), issued correspondence to Entergy's audit committee making allegations of fraud against Entergy. Entergy also claimed that Seeber made inappropriate contact with the trial court, again making unfounded allegations against Entergy.
The matter was heard on August 5, 2004, with no appearance on behalf of TriStem and Seeber. The trial court granted Entergy's motion for protective order as follows: "... neither TriStem, Ltd. nor Joe Seeber shall have any contact with Entergy or its representatives other than its counsel of record in this action outside of a formal setting such as a deposition or judicial forum."[1] The trial court further ordered that TriStem and Seeber reimburse Entergy for legal fees in the amount of $250.00. The record reflects that the August 5, 2004 protective order was not appealed or collaterally attacked by TriStem and Seeber.
On September 30, 2004, Entergy filed a Motion for Contempt, Sanctions and Attorneys fees against TriStem and Seeber for continuing to send letters to representatives of Entergy making allegations of fraud and mismanagement against Entergy in violation of the trial court's order of August 5, 2004. The motion for contempt was served on TriStem's counsel of record, Thomas M. Calogero.
The motion for contempt was heard on October 8, 2004. Mr. Calogero appeared on behalf of TriStem.[2] The basis for Entergy's motion was two letters sent by Seeber after the protective order was issued, one to Rob Feckner of CalPERS (one of Entergy's investors) on September 10, 2004, and one to Lawrence Keeshan of Price Waterhouse Coopers (an accounting firm that worked for Entergy) on September 27, 2004. Both letters made accusations that Entergy committed fraud. It is undisputed that Seeber sent the letters. The only argument presented in defense of the contempt motion was that CalPERS and Price Waterhouse Coopers were not technically "representatives" of Entergy within the meaning and language of the protective order. After reviewing the letters, the trial court concluded that Seeber acted in contravention of the protective *50 order. In connection with that finding, the trial court rendered judgment on October 25, 2004, holding TriStem and Seeber in contempt of court and further ordering them to pay Entergy $5,000.00 in attorney's fees. TriStem and Seeber (hereinafter "the appellants") filed this timely suspensive appeal.

ANALYSIS
On appeal, the appellants assert two assignments of error on the part of the trial court. First, the trial court erred in holding the appellants in contempt of court. Second, the trial court erred in making an award of attorney's fees in a contempt motion.

Assignment of Error No. 1
The trial court erred in holding the appellants in contempt of court.
The appellants argue that it was error to hold them in contempt of court because they were not notified of the August 5, 2004 hearing on the motion for protective order. This argument is without merit. The record clearly reflects that the appellants received notification of the August 5, 2004 hearing by certified mail on July 6, 2004.
The appellants also maintain that it was error to hold them in contempt of court because they were not notified of the existence of the protective order. Again, we find no merit in this argument. The transcript of the contempt hearing, as well as the appellants' memorandum in opposition to the motion for contempt, demonstrate that the appellants never claimed lack of notice of the protective order. As previously explained, the appellants' only argument before the trial court in defense of the contempt motion was that the two letters written by Seeber were sent to entities that were technically not "representatives" of Entergy within the meaning and language of the protective order. Only on appeal do the appellants claim that they were unaware of the protective order.[3]
After a thorough review of the record, we find no error on the part of the trial court in holding the appellants in contempt of court. Contempt of court proceedings in civil cases are governed by La. C.C.P. art. 221, et seq., which define contempt as "any act or omission tending to obstruct or interfere with the orderly administration of justice, or to impair the dignity of the court or respect for its authority." The Code of Civil Procedure provides for two kinds of contempt, direct and constructive. Direct contempt of court is defined in La. C.C.P. art. 222 as "one committed in the immediate view and presence of the court and of which it has personal knowledge, or a contumacious failure to comply with a subpoena or summons, proof of service of which appears of record." Constructive contempt of court is any contempt other than a direct one, including the "[w]willful disobedience of any lawful judgment, order, mandate, writ, or process of the court." La. C.C.P. art. 224(2).
A trial court is vested with great discretion to determine whether circumstances warrant holding a party in constructive contempt of court pursuant to La. C.C.P. art. 224 for willful disobedience of a court order. Lang v. Asten, Inc., 04-1665, p. 12 (La.App. 4 Cir. 3/30/05), 900 So.2d 1031, 1039. Moreover, a trial court must find that the party's violation was willful in *51 order to hold that party in contempt, meaning that the party must have "`intentionally, knowingly and purposely acted or failed to act.'" Id. A court may not hold a party in contempt unless it finds that the party's reasons for violating the order were without justifiable excuse. Id.
In this appeal, the parties question whether the contempt proceeding was civil or criminal in nature. Before reviewing the trial court's judgment, we must first address the threshold issue of whether the appellants were subjected to a civil or criminal contempt proceeding in order to determine the appropriate standard of review. It is well established that a contempt proceeding incidental to a civil action is civil in nature, if the purpose is to force compliance with a court order, but it is criminal if the trial judge's primary purpose in imposing the sentence is to punish disobedience of a court order. State in Interest of R.J.S., 493 So.2d 1199, 1202-1203 (La.1986); HCNO Services, Inc. v. Secure Computing Systems, Inc., 96-1693 (La.App. 4 Cir. 4/23/97), 693 So.2d 835, 845. If it is a criminal contempt, the standard of proof is "beyond a reasonable doubt." State in Interest of R.J.S., 493 So.2d at 1202-1203. In a civil contempt, the stringent criminal burden of proof and standard for appellate review do not apply. The burden of proof for civil contempt is by a "preponderance of the evidence." Parish of Jefferson v. Lafreniere Park Foundation, 98-345, p. 6 (La App. 5 Cir. 9/15/98), 720 So.2d 359, 364-365.
In the present case, it is clear that this was a civil contempt proceeding because the object was to force the appellants' compliance with the court order and put a stop to Seeber's conduct in contacting representatives of Entergy in violation of the protective order. Accordingly, this Court will apply the "preponderance of the evidence" standard in reviewing the trial court's contempt ruling.
The manifest error rule is used when appellate courts are called to review the propriety of civil contempt orders. Davis v. Harmony House Nursing Home, 35,080 (La.App. 2 Cir. 10/31/01), 800 So.2d 92, 96; Sonnier v. Town of Vinton, 99-927 (La.App. 3 Cir. 12/22/99), 759 So.2d 818, 820.
After a review of the record in the case sub judice, we conclude that the evidence supports the trial court's finding of contempt. Entergy presented evidence of the appellants' willful disobedience of the protective order, and the appellants presented no justifiable excuse for continuing to issue correspondence to Entergy's representatives making allegations of fraud. The trial court reviewed the letters sent by Seeber and concluded that the protective order had been violated. We cannot say that this factual determination was an abuse of the trial court's discretion. Accordingly, we find no manifest error in the trial court's finding of contempt.

Assignment of Error No. 2
The appellants argue that the trial court abused its discretion in ordering the appellants to pay $5,000.00 in attorney's fees in a contempt proceeding. We agree.
The Louisiana Constitution permits the statutory limitation of a court's contempt power. Reeves v. Thompson, 95-0321, p. 16 (La.App. 4 Cir. 12/11/96), 685 So.2d 575, 582. It provides that "[t]he power to punish for contempt of court shall be limited by law." La. Const. art. V, § 2. The Louisiana Legislature has limited the court's contempt power by enacting La. R.S. 13:4611(1)(d), which imposes a $500.00 cap on the fine a court can impose for the contempt presented in this case. Crosby v. Ogden, XXXX-XXXX, p. 3 (La. 4 Cir. 11/10/04), 888 So.2d 1071, 1073. The jurisprudence holds that proceedings for contempt must be strictly construed, and the law does not favor extending their scope. Brunet v. Magnolia Quarterboats Inc., 97-187 *52 at p. 10 (La. App 5 Cir. 3/11/98), 711 So.2d at 313 (citing Estate of Graham v. Levy, 93-0636, 93-0134 (La.App. 1 Cir. 4/8/94), 636 So.2d 287, 290).
The trial court in its judgment stated that:
IT IS ORDERED ADJUDGED AND DECREED that TriStem, Ltd. and Joe Seeber be and they are hereby held in contempt of court for violating this Court's August 5, 2004 Protective Order. IT IS FURTHER ORDERED ADJGUDED AND DECREED that TriStem, Ltd. and Joe Seeber shall pay to Entergy New Orleans, Inc. $5,000 in attorneys fees as a result of the contempt violation and the necessity of bringing of the motion for contempt. TriStem, Ltd. And Joe Seeber shall be solidarily liable for this debt.
If the trial court awarded $5,000.00 in attorney's fees as a contempt fine it was in error as it is a fine in excess of the statutory maximum of $500.00. Also we can find no authority for allowing a court to order payment of attorney fees in lieu of a contempt fine. As it is unclear from the record before this Court as to the intent of the trial court, we remand the matter for clarification.
The appellants also argue that the trial court erred in ordering that a fine or penalty be paid to a litigant rather than the court itself. The appellants are correct in this assertion.
On this specific issue, as to whom a contempt fee must be paid, the jurisprudence has held that the fine must be made payable to the court, not to a party. City of Kenner v. Jumonville, 97-125, (La.App. 5 Cir. 8/27/97), 701 So.2d 223. The reason for this requirement is that contempt proceedings are designed for the vindication of the dignity of the court rather than for the benefit of a litigant. Davis v. Harmony House Nursing Home, 35-080, p. 5 (La.App. 2 Cir.10/31/01), 800 So.2d 92, 96. Consequently, if the trial court ordered that $5,000.00 in attorney's fees to be paid to Entergy as representative of a contempt fine, its judgment is in error. As the trial court's judgment on this issue is unclear, we remand the matter for clarification.

CONCLUSION
For the foregoing reasons, we affirm the October 25, 2004 judgment of the trial court holding TriStem and Joe Seeber in contempt of court. We vacate the trial court's judgment awarding $5,000.00 in attorney's fees to Entergy and we remand the matter to the trial court for clarification and/or to award a contempt fee to the proper party should the trial court find in its discretionary capacity that a contempt fine is warranted.
AFFIRMED IN PART; REVERSED IN PART AND REMANDED IN PART.
NOTES
[1] The record reflects that Entergy was granted a similar protective order against TriStem and Seeber in a federal court action on December 19, 2003. TriStem, Ltd. v. City of New Orleans, et al No. 03-2882 "J" in the United States District Court for the Eastern District of Louisiana.
[2] The appellants argue on appeal that Mr. Calogero only represented TriStem, not Seeber. However, the response to the motion for contempt filed by Mr. Calogero on October 6, 2004, indicates that he filed the response on behalf of both TriStem and Seeber.
[3] Only portions of the trial court record have been designated for appeal. The record before us does not contain a notice of signing of the August 5, 2004 protective order, and it is unclear whether one was issued. Also, Entergy makes reference to a letter sent by the appellants' Texas counsel on August 6, 2004, which indicated that the appellants were aware of the protective order. This document, however, is not contained in the record before us.