960 So.2d 1264 (2007)
Carol Ann BAKER, Plaintiff-Appellant,
v.
Christopher BAKER, Defendant.
No. 42,182-CA.
Court of Appeal of Louisiana, Second Circuit.
June 20, 2007.
*1265 Cook, Yancey, King & Galloway by Bernard S. Johnson, Michael K. Leachman, Shreveport, for Appellant.
Downer, Hammond & Wilhite, L.L.C. by Kevin W. Hammond, Shreveport, for Appellee/Intervenor, Gimme Sum of Louisiana, Inc.
Before BROWN, PEATROSS & LOLLEY, JJ.
PEATROSS, J.
The underlying action in this appeal was for executory process on a note and security agreement executed between mother, Carol Ann Baker, and son, Christopher Baker. Ms. Baker loaned Christopher funds to open and operate a restaurant franchise of Gimme Sum of Louisiana, Inc. ("Gimme Sum") in Bossier City. When Christopher defaulted on the note, Ms. Baker filed a Petition for Executory Process and Gimme Sum intervened seeking *1266 to enjoin the seizure and sale of certain restaurant equipment, asserting ownership of the collateral and alleging that the Bakers' loan documents were fraudulent. The petition for intervention and injunction was subsequently denied. Ms. Baker then sought an order for contempt and sanctions against Gimme Sum and three of its corporate representatives, which was subsequently denied by the court. Ms. Baker appeals from that adverse denial. For the reasons stated herein, we affirm.

FACTS
Ms. Baker loaned her son, Christopher, approximately $185,000 to help him open a Gimme Sum franchise restaurant in Bossier City. According to Ms. Baker, the funds were loaned during the period from September 2004 to November 2005. In December 2005, Christopher executed a promissory note calling for repayment of $122,173. A security agreement was also executed by Christopher, and signed by Ms. Baker as the secured party, specifically listing as collateral certain items of equipment located in the restaurant.
The franchise never opened with Christopher as owner. On February 24, 2006, during the construction of the premises, Gimme Sum evicted Christopher. Following the eviction, Gimme Sum assumed occupancy of the premises and used the equipment therein to open and operate the restaurant.
Ms. Baker had drafted the original note and security agreement, which, apparently, did not comply with the requirements for executory process in Louisiana. When Ms. Baker realized this problem, she had Christopher execute a "Reaffirmed Note" and "Reaffirmed Security Agreement" in order to comply with Louisiana law. Christopher ultimately defaulted on the note and, on April 10, 2006, Ms. Baker filed a Petition for Executory Process based on the reaffirmed instruments. That same day, the court issued a Writ of Seizure and Sale. Certain items were constructively seized on April 28, 2006, including items purchased by Christopher during construction of the restaurant.
Two weeks prior to the scheduled date of the sheriff's sale, on June 28, 2006, Gimme Sum filed a Petition of Intervention and Request for Preliminary Injunction to Arrest Seizure and Sale, alleging ownership of the equipment. It asserted that Christopher had removed certain items of equipment from the premises and that Gimme Sum had replaced the equipment. Gimme Sum further alleged that the loan documents between Ms. Baker and her son were fraudulent and a product of collusion. As a result of this filing, the sheriff's sale was upset.
At the hearing of the intervention proceeding, no evidence was taken and the trial court denied the relief sought in Gimme Sum's petition on the basis that the law of executory process provided a remedy to Gimme Sum and, therefore, intervention was not the appropriate procedure for Gimme Sum's redress. The trial court opined that La. C.C.P. art. 2751[1] governed the case; and, if the seizure was later determined to be wrongful, Gimme Sum would be afforded the remedies provided by law for wrongful seizure. The sheriff's sale was rescheduled for August 9, 2006. No appeal was taken from the denial of the petition for injunction.
*1267 Ms. Baker then filed a motion for contempt and sanctions against Gimme Sum on the following grounds (verbatim):
1. Gimme Sum's allegations in its petition of intervention and request for preliminary injunction were not "well grounded in fact" and were made without performing a reasonable inquiry in violation of La.Code Civ. P. Art. 863;
2. Gimme Sum produced falsified documents in response to discovery requests in violation of La.Code Civ. P. Art. 1420; and
3. Gimme Sum provided false testimony in its deposition in violation of La.Code Civ. P. Art. 1420.
Ms. Baker sought sanctions under articles 863(D) and 1420(D), including the entire cost of defending the intervention and proceeding with the motion for sanctions and contempt. She further sought to have the court find Gimme Sum's Vice President of Operations, Alan Benjamini, and two of its representatives, John deVries and Ken Chaffee, in contempt under La. R.S.13:4611(1)(d). She alleged that the deposition testimony of these Gimme Sum representatives was false regarding the removal and replacement of certain restaurant equipment. Ms. Baker further alleged that Gimme Sum produced false documents which Gimme Sum claimed supported its ownership of certain equipment. Finally, she emphasized that none of the representatives of Gimme Sum provided any testimony in support of its allegation that the note and security agreement executed by her and Christopher were fraudulent or the product of collusion.
The trial court denied Ms. Baker's motion for sanctions and contempt stating that it was not "convinced that the intervenors knowingly offered false testimony or documents." This appeal is from that ruling.

DISCUSSION

Applicable law
Ms. Baker relies on the following codal articles and statutes:
La. C.C.P. art. 863, Signing of pleadings, effect:
B. Pleadings need not be verified or accompanied by affidavit or certificate, except as otherwise provided by law, but the signature of an attorney or party shall constitute a certification by him that he has read the pleading; that to the best of his knowledge, information, and belief formed after reasonable inquiry it is well grounded in fact; that it is warranted by existing law or a good faith argument for the extension, modification, or reversal of existing law; and that it is not interposed for any improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of litigation.
* * *
D. If, upon motion of any party or upon its own motion, the court determines that a certification has been made in violation of the provisions of this Article, the court shall impose upon the person who made the certification or the represented party, or both, an appropriate sanction which may include an order to pay to the other party or parties the amount of the reasonable expenses incurred because of the filing of the pleading, including a reasonable attorney's fee.
La. C.C.P. art. 1420, Signing of discovery requests, responses, or objections:
D. If, upon motion of any party or upon its own motion, the court determines that a certification has been made in violation of the provisions of this Article, the court shall impose upon the person who made the certification *1268 or the represented party, or both, an appropriate sanction which may include an order to pay to the other party or parties the amount of the reasonable expenses incurred because of the filing of the request, response, or objection, including a reasonable attorney's fee.
La. C.C.P. art. 224(4):
* * *
Any of the following acts constitutes a constructive contempt of court:
* * *
(4) Deceit or abuse of the process or procedure of the court by a party to an action or proceeding, or by his attorney.
La. R.S. 13:4611, Punishment for contempt of court:
Except as otherwise provided for by law:
(1) The supreme court, the courts of appeal, the district courts, family courts, juvenile courts and the city courts may punish a person adjudged guilty of a contempt of court therein, as follows:
* * *
(d) For any other contempt of court, including disobeying an order for the payment of child support or spousal support or an order for the right of custody or visitation, by a fine of not more than five hundred dollars, or imprisonment for not more than three months, or both.
Statutes which authorize the imposition of penalties or sanctions are penal in nature and are to be strictly construed. Consolidated Distributors, Inc. v. The United Group of National Paper Distributors, Inc., 32,431 (La.App.2d Cir.10/27/99), 743 So.2d 862, citing Hart v. Allstate Ins. Co., 437 So.2d 823 (La.1983). Appellate review of the decision to impose sanctions is under the manifest error/clearly wrong standard of review. Haulcy v. Saint Gobain Containers, 39,405 (La.App.2d Cir.3/9/05), 895 So.2d 803, citing Parker v. Progressive Ins. Co., 31,147 (La.App.2d Cir.10/28/98), 720 So.2d 408. Specifically, the standard of review of the trial court's determination of whether an individual has violated rules concerning certification of documents under La. C.C.P. art. 1420 is the abuse of discretion, manifestly erroneous or clearly wrong criteria used in reviewing court's factual findings. Murphy v. Boeing Petroleum Services, Inc., 600 So.2d 823 (La.App. 3d Cir. 1992).
In order for a court to find a person guilty of constructive contempt, it is necessary to find that the person violated an order of the court intentionally, knowingly and purposefully and without justifiable excuse. Smith v. Smith, 35,378, 35,379 (La.App.2d Cir.9/26/01), 796 So.2d 726. The trial court's decision as to whether a person is guilty of constructive contempt will only be reversed on appeal when the appellate court can discern abuse of discretion. Midyett v. Midyett, 32,208 (La.App.2d Cir.9/22/99) 744 So.2d 669.
The argument of Ms. Baker is based on her belief that the assertion of Gimme Sum that it owned the seized property was knowingly a false claim made by it. Specifically, she focuses on the deposition testimony of Mr. Benjamini and Mr. Chaffee who both testified that a large, expensive ice machine was taken from the premises by Christopher and a new one was purchased by Gimme Sum. Although there are no serial numbers on the documentation presented to support the replacement purchase by Gimme Sum, Ms. Baker produced the original invoice where Christopher bought the equipment. That invoice bore a serial number and an on-site inspection conducted after the seizure revealed the presence of the ice machine *1269 bearing the same serial number as the one bought by Christopher. According to Ms. Baker, when Gimme Sum realized this, it took the position that perhaps the ice machine had been in storage and had not been installed in the restaurant at the time Christopher was evicted.
In addition, the president of the company that installed the ice machine in the restaurant in 2005, at the request of Christopher, testified on behalf of Ms. Baker. He confirmed the serial number on the machine, that it was installed at Christopher's request and that he knew of no other ice machine being installed by his company in that location. Ms. Baker also produced an email authored by Mr. deVries prior to Christopher's eviction by Gimme Sum, which stated that the ice machine in the restaurant was leaking and needed servicing. Ms. Baker urges that assertions of Gimme Sum are disingenuous and that Gimme Sum intentionally provided false testimony and documentation to prevent her from executing on the security agreement.
Ms. Baker maintains that none of the Gimme Sum witnesses testified or produced any evidence negating the fact that she did loan the money to her son. They each testified that they had no facts to support the claim that the loan documents were fraudulent. In addition, Mr. deVries testified that he did not know whether an investigation was performed and he added that his company does not "spend any time or money on that."
Ms. Baker asserts in brief that the determination of the trial court that Gimme Sum did not knowingly offer false testimony or documents is unreasonable and completely contradicted by the evidence in the record. She argues that sanctions are warranted because Gimme Sum presented no evidence that the loan documents between Ms. Baker and her son were fraudulent. Finally, Ms. Baker asserts that the proffering of false testimony and documents in response to discovery requests constitutes constructive contempt under La. C.C.P. art. 224(4).
Conversely, Gimme Sum asserts that its intervention is supported by La. C.C.P. art. 1092.[2] Gimme Sum suggests that, by denying the petition for intervention, the trial court decided that Gimme Sum had sufficient recourse against Ms. Baker and no evidence was received from Gimme Sum in connection with the petition for intervention. Gimme Sum further asserts *1270 that the nature of an executory process is hurried and confusing and that discovery was conducted quickly. It maintains, however, that there was no term, amount to be repaid or consideration given for the revised note and security agreement. Moreover, Ms. Baker and her son admit that there has been no effort on the part of Ms. Baker to seize items in the possession of her son that he had removed from the premises. In addition, Christopher admitted that he did not even know what some of the listed seized items were. According to Gimme Sum, the court correctly concluded that there was not a knowing offer of false testimony on the part of Gimme Sum.
A review of the depositions and documents contained in this record reveals some conflicting testimony on both sides of this dispute and portrays a picture of an unsuccessful business venture that created animosity between the parties. Significantly, as Gimme Sum points out, no evidence was allowed in connection with Gimme Sum's petition for intervention; therefore, the complained of, alleged false evidence was not presented to the trial court. In any event, based on our review of the record before us, we find no abuse of discretion or manifest error in the conclusion of the trial court that sanctions and/or contempt were not warranted in the case sub judice. There is, therefore, a reasonable factual basis to support the decision of the trial court and it will not be disturbed on appeal.

CONCLUSION
For the foregoing reasons, the judgment of the trial court is affirmed. Costs are assessed to Carol Ann Baker.
AFFIRMED.
NOTES
[1] La. C.C.P. art. 2751, Grounds for arresting seizure and sale; damages, provides:

The defendant in the executory proceeding may arrest the seizure and sale of the property by injunction when the debt secured by the security interest, mortgage, or privilege is extinguished, or is legally unenforceable, or if the procedure required by law for an executory proceeding has not been followed.
[2] La. C.C.P. art. 1092, Third person asserting ownership of, or mortgage or privilege on, seized property, provides:

A third person claiming ownership of, or a mortgage or privilege on, property seized may assert his claim by intervention. If the third person asserts ownership of the seized property, the intervention may be filed at any time prior to the judicial sale of the seized property, and the court may grant him injunctive relief to prevent such sale before an adjudication of his claim of ownership.
If the third person claims a mortgage or privilege on the entire property seized, whether superior or inferior to that of the seizing creditor, the intervention may be filed at any time prior to the distribution by the sheriff of the proceeds of the sale of the seized property, and the court shall order the sheriff to hold such proceeds subject to its further orders. When the intervener claims such a mortgage or privilege only on part of the property seized, and the intervention is filed prior to the judicial sale, the court may order the separate sale of the property on which the intervener claims a mortgage or privilege; or if a separate sale thereof is not feasible or necessary, or the intervener has no right thereto, the court may order the separate appraisement of the entire property seized and of the part thereof on which the intervener claims a mortgage or privilege.
An intervener claiming the proceeds of a judicial sale does not thereby admit judicially the validity, nor is he estopped from asserting the invalidity, of the claim of the seizing creditor.