JAMES F. McKAY III, Judge.
 

 I,The third party defendants, TriStem, Ltd. (“TriStem”) and Joe Seeber (“See-
 
 *750
 
 ber”), TriStem’s President and CEO, appeal the September 12, 2007 judgment holding them in constructive contempt for violating the trial court’s August 5, 2004 protective order. For the reasons set forth below, we affirm in part and reverse in part.
 

 STATEMENT OF FACTS AND PROCEDURAL HISTORY
 

 This appeal stems from an action filed by Nathaniel Joseph against the City of New Orleans (“City”) and Entergy New Orleans (“Entergy”) for injuries he sustained on March 18, 1996, when a light pole fell and hit him on his head. Entergy filed a third party demand for indemnification against TriStem. The third party demand asserted that TriStem, while acting as a consultant to the City, performed an audit of the streetlights and failed to discover that the light pole in question was in disrepair. The trial court severed the third party demand and tried the case against Entergy and the City. A judgment was rendered finding only Entergy liable. This Court affirmed the finding of liability on the part of Entergy in
 
 Joseph v. Entergy,
 
 2000-2213 (La.App. 4 Cir. 2/13/02), 811 So.2d 54. Entergy then proceeded with the third party indemnity action.
 

 |2On June 22, 2004, Entergy filed a motion for protective order and contempt alleging that Seeber sent correspondence to Entergy’s audit committee making allegations of fraud against Entergy. Entergy also claimed that Seeber made inappropriate contact with the trial court judge, making unfounded allegations against Entergy.
 

 On August 5, 2004, the trial court granted Entergy’s motion for protective order and ordered that “neither TriStem, Ltd. nor Joe Seeber shall have any contact with Entergy or its representatives other than its counsel of record in this action outside of a formal setting such as a deposition or judicial forum.” The trial court also ordered TriStem and Seeber to pay $250.00 in attorneys’ fees.
 

 On September 30, 2004, Entergy filed its first contempt motion against TriStem and Seeber. Entergy alleged that Seeber had continued sending correspondence to representatives of Entergy making allegations against Entergy of fraud and mismanagement in violation of the protective order. On October 25, 2004, the trial court rendered judgment holding TriStem and See-ber in contempt and ordering them to pay Entergy $5,000.00 in attorney’s fees. We affirmed the trial court’s finding of contempt, but remanded on the issue of attorneys’ fees.
 
 Joseph v. Entergy,
 
 2005-0263 (La.App. 4 Cir. 8/3/05), 918 So.2d 47.
 

 On July 21, 2005, Entergy filed a second contempt motion. The motion was based on correspondence dated June 23, 2005, that Seeber sent to Entergy’s audit committee. Enclosed with the correspondence was a copy of the prologue to Seeber’s then soon to be published book entitled “Wired for Greed.” In the prologue to the book, Seeber recites the facts of the
 
 Joseph
 
 case. The record before us does not reflect the outcome of this particular contempt motion.
 

 | oOn October 25, 2006, Entergy filed a third contempt motion, asserting that See-ber sent correspondence dated October 3, 2006, to Entergy’s audit committee members in which he referenced the
 
 Joseph
 
 litigation. Following a hearing on February 9, 2007, the trial court found TriStem and Seeber in constructive contempt of the August 5, 2004 protective order and ordered them to pay $1,000.00 in attorneys’ fees. On appeal, this Court affirmed the contempt order, but reversed the award of attorneys’ fees, finding that the trial court lacked authority to order TriStem and Seeber to pay Entergy’s attorneys’ fees pursuant to a contempt proceeding.
 
 Jo
 
 
 *751
 

 seph v. Entergy,
 
 2007-0688 (La.App. 4 Cir. 12/5/07), 972 So.2d 1230.
 

 On April 19, 2007, Entergy filed the present motion for contempt, asserting that on March 19, 2007, Seeber sent correspondence, with an attached disc, to J. Wayne Leonard (“Mr. Leonard”), Enter-gy’s CEO, which included references to the
 
 Joseph
 
 case. The matter was heard by the trial court on August 31, 2007 and September 11, 2007. At the conclusion of the hearing, the trial court granted Enter-gy’s motion for contempt from the bench. Judgment was rendered on September 12, 2007, holding TriStem and Seeber in constructive contempt of the August 5, 2004 protective order. In connection therewith, TriStem and Seeber were ordered to pay a fine in the amount of $500.00 to the Clerk of the Civil District Court. The judgment further ordered TriStem and Seeber to pay Entergy’s court costs associated with the motion and attorneys’ fees in the amount of $7,500.00. The judgment further ordered Seeber to serve 30 days in jail, all but 7 days of which were suspended. The trial judge gave Seeber the opportunity to purge himself and avoid jail by writing a letter of apology (deemed satisfactory by |4the court) to Entergy’s Chairman and Board of Directors. Seeber was never incarcerated.
 

 On September 25, 2007, TriStem and Seeber filed a motion for appeal of the September 12, 2007 judgment, which the trial court denied. In response, TriStem and Seeber filed an application for supervisory writs. On January 22, 2008, this Court granted the writ application and ordered the trial court to grant TriStem and Seeber’s motion for appeal from the September 12, 2007 judgment.
 
 Joseph v. Entergy,
 
 2007-1348 (La.App. 4 Cir. 1/22/08), unpub. The trial court granted the motion for appeal on April 24, 2008. This devolutive appeal followed.
 

 DISCUSSION
 

 On appeal, TriStem and Seeber assert two assignments of error. First, the trial court erred in holding that the actions of TriStem and Seeber amounted to constructive contempt. Second, the trial court erred in making an award for attorneys’ fees in a contempt motion.
 

 Constructive Contempt:
 

 In
 
 Joseph,
 
 2007-0688, p. 7, 972 So.2d at 1235-1236, this Court summarized the applicable principles regarding contempt as follows:
 

 Contempt of court proceedings in civil cases are governed by La. C.C.P. art. 221,
 
 et seq.,
 
 which define contempt as “any act or omission tending to obstruct or interfere with the orderly administration of justice, or to impair the dignity of the court or respect for its authority.” The Code of Civil Procedure provides for two kinds of contempt, direct and constructive. Direct contempt of court is defined in La. C.C.P. art. 222 as “one committed in the immediate view and presence of the court and of which it has personal knowledge, or a contumacious failure to comply with a subpoena or summons, proof of service of which appears of record.” Constructive contempt of court is any contempt other than a direct one, including the “[wjillful disobedience of any lawful judgment, order, mandate, writ, or process of the court.” La. C.C.P. art. 224(2).
 

 | sIn the present case, TriStem and Seeber argue that the trial court erred in finding constructive contempt because the uncontroverted testimony given at the contempt hearing established that Seeber did not intentionally violate the protective order. TriStem and Seeber submit that the communication sent to Mr. Leonard in May of 2007 was sent for the sole purpose of alerting Entergy to the fraudulent prac
 
 *752
 
 tices TriStem found in conducting its consulting services. Seeber testified at the hearing that it was not his intention to discuss the
 
 Joseph
 
 case in that correspondence. Seeber admitted that the disc enclosed with the correspondence to Mr. Leonard included two references to the
 
 Joseph
 
 case. Seeber stated, however, that the references were inadvertent, due to a mistake by his office staff. Seeber and his secretary, Lisa Pibil (“Ms. Pibil”), testified that Seeber specifically instructed Ms. Pi-bil to look through and remove all references to the
 
 Joseph
 
 case before sending out the correspondence. Ms. Pibil testified that she actually cut out certain paragraphs with references to the
 
 Joseph
 
 case, but overlooked the references to the
 
 Joseph
 
 case contained on the disc sent to Entergy.
 

 In spite of Seeber’s claim that the reference to the
 
 Joseph
 
 case was an inadvertent error, Seeber was held in contempt for violating the court’s protective order. The trial judge determined that Seeber was responsible for the contents of the correspondence and for the actions of his staff. The trial judge further expressed his opinion that Seeber had zero credibility in light of his previous actions.
 

 Although a district court has discretion to determine whether to find a person guilty of constructive contempt of court, a finding that a person willfully disobeyed a court order in violation of La. C.C.P. art. 224(2) must be based on a finding that the accused violated an order of the court “intentionally, knowingly, and 1 (¡purposefully, without justifiable excuse.”
 
 Lang v. Asten, Inc.,
 
 2005-1119, p. 1 (La.1/13/06), 918 So.2d 453, 454. Moreover, an appellate court should reverse the trial court’s decision only when it finds an abuse of that discretion.
 
 Baker v. Baker,
 
 42,182 (La.App. 2 Cir.6/20/07), 960 So.2d 1264, 1268;
 
 Rogers v. Dickens,
 
 2006-0898 (La App. 1 Cir. 2/9/07), 959 So.2d 940.
 

 It is evident from the trial judge’s statements on the record that Seeber’s actions were determined to be willful disobedience. In light of the evidence presented, and considering the trial judge’s assessment of Seeber’s credibility, we find that the trial court did not abuse its discretion in finding Seeber in contempt of court.
 

 Attorneys ’ Fees:
 

 The Louisiana Constitution permits the statutory limitation of a court’s contempt power. La. Const, art. V, § 2;
 
 Reeves v. Thompson,
 
 95-0321, p. 16 (La.App. 4 Cir. 12/11/96), 685 So.2d 575, 582.
 

 Pursuant to La. R.S. 13:4611, a court may punish constructive contempt for failure to obey a court’s order by a fine of not more than five hundred dollars, or imprisonment for not more than three months, or both. La. R.S. 13:4611(l)(d). A contempt proceeding is designed for the vindication of the dignity of the court rather than for the benefit of a litigant. Thus, any fine assessed must be payable to the court, since the assessment itself is to vindicate the dignity of the court.
 
 Crosby v. Ogden,
 
 2003-1934 (La.App. 4 Cir.11/10/04), 888 So.2d 1071;
 
 Erunet v. Magnolia Quarterboats, Inc.,
 
 97-187 (La.App. 5 Cir.3/11/98), 711 So.2d 308.
 

 An award of attorneys’ fees is a penalty imposed to discourage a particular activity on the part of the opposing party.
 
 Langley v. Petro Star Corp. of La.,
 
 2001-0198, p. 3 (La.6/29/01), 792 So.2d 721, 723. Attorneys’ fees are generally |7not awarded in Louisiana unless authorized by statute or provided for by contract.
 
 Id.
 
 As this court recently explained in
 
 Joseph,
 
 2007-0688, p. 10, 972 So.2d at 1237, there are no statutory provisions providing for the allowance of attorneys’ fees in a contempt action. Accordingly, we reverse the
 
 *753
 
 portion of the trial court judgment awarding attorneys’ fees to Entergy.
 

 DECREE
 

 For the foregoing reasons, the judgment of the trial court awarding $7,500.00 in attorneys’ fees to Entergy is reversed. In all other respects, the judgment of the trial court is affirmed.
 

 AFFIRMED IN PART; REVERSED IN PART.