| | | |
|---|---|---|
| SOUTHERN AGGREGATES, LLC | * | NO. 2019-CA-0986 |
| | * | |
| VERSUS | | COURT OF APPEAL |
| | * | |
| ARNOLD BAKER & BAKER READY MIX, LLC | | FOURTH CIRCUIT |
| | * | |
| | | STATE OF LOUISIANA |

\* \* \* \* \* \* \*

APPEAL FROM
CIVIL DISTRICT COURT, ORLEANS PARISH
NO. 2017-04398, DIVISION "F"
Honorable Christopher J. Bruno, Judge
\* \* \* \* \* \*
**Judge Tiffany G. Chase**
\* \* \* \* \* \*

(Court composed of Judge Edwin A. Lombard, Judge Daniel L. Dysart, Judge Tiffany G. Chase)

W. Brett Mason
Bryant S. York
Walter F. Metzinger, III
STONE PIGMAN WALTHER WITTMANN L.L.C.
909 Poydras Street, Suite 3150
New Orleans, LA 70112

   COUNSEL FOR PLAINTIFF/APPELLEE

Albert A. Thibodeaux
DAVILLIER LAW GROUP, LLC
935 Gravier Street, Suite 1702
New Orleans, LA 70112

   COUNSEL FOR DEFENDANT/APPELLANT

AFFIRMED
APRIL 08, 2020

Arnold Baker (hereinafter "Mr. Baker") seeks review of the trial court's June 3, 2019 judgment granting Southern Aggregate, L.L.C.'s (hereinafter "Southern Aggregate") motion for contempt and denying his exception of prematurity. After consideration of the record before this Court and the applicable law, we affirm the judgment of the trial court.

<strong><u>Relevant Facts and Procedural History</u></strong>

On May 8, 2017, Southern Aggregate filed a petition to enforce a consent judgment naming Mr. Baker and Baker Ready Mix, L.L.C. as defendants.[1] Southern Aggregate sought to enforce a consent judgment entered in a previous case.[2] After the petition was answered, discovery ensued. On May 15, 2018, Southern Aggregate propounded discovery requests to Mr. Baker. He failed to respond and a La. Dist. Ct. Rule 10.1 discovery conference was held on June 28, 2018 to discuss the outstanding discovery responses. On July 12, 2018, Southern Aggregate filed a motion to compel after Mr. Baker failed to provide discovery responses. By judgment dated September 13, 2018, the trial court granted the

---

[1] The underlying facts of the claim are not relevant to the current appeal.

[2] Southern Aggregate and Blackrock Aggregates, L.L.C entered into a consent judgment in case number 2016-1123, section "A" in the 21st Judicial District Court.

1

motion to compel and ordered Mr. Baker to respond to Southern Aggregate's May 15, 2018 discovery within fifteen (15) days of the judgment. The trial court also ordered Mr. Baker to pay $500.00 in attorney's fees.

On October 2, 2018, Southern Aggregate filed a motion for contempt arguing that Mr. Baker had not complied with the trial court's order and failed to provide responses to discovery. The motion for contempt also asserted that Mr. Baker had failed to pay the attorney's fees. On October 23, 2018, Mr. Baker responded to the discovery by providing Southern Aggregate with 5,657 pages of documents. He also paid the $500.00 in attorney's fees as ordered by the trial court. On January 15, 2019, Mr. Baker produced formal written responses to the discovery. The motion for contempt was heard by the trial court on January 18, 2019.[3] By judgment dated January 28, 2019, the trial court granted Southern Aggregate's motion for contempt. The trial court further ordered Mr. Baker to provide full and complete responses to discovery[4] within thirty (30) days of the judgment. Additionally, the trial court ordered Mr. Baker to pay Southern Aggregate's court costs associated with the motion for contempt and awarded $500.00 in attorney's fees.

On March 11, 2019, Southern Aggregate filed a motion for failure to comply with discovery obligations. It argued that Mr. Baker failed to provide full and complete discovery responses as ordered by the trial court's January 28, 2019 judgment. After Southern Aggregate filed its motion, but before it was heard by the trial court, Mr. Baker provided additional discovery responses between March 28,

---

[3] The matter was initially continued so that Southern Aggregate could have an opportunity to review the documents produced. It was continued a second time on the trial court's own motion.

[4] Specifically, the trial court ordered Mr. Baker to provide responses to Request for Production of Documents numbers 1, 2, 5-7, and 11-22; and Interrogatories numbers 4-7, 9, 10, 12-15, and 18.

2019 and Aril 4, 2019. By judgment dated April 5, 2019, the trial court denied Southern Aggregate's motion, but found Mr. Baker in contempt of court for failing to fully respond to the discovery timely and adequately. As such, the trial court ordered Mr. Baker to fully comply with the trial court's January 28, 2019 judgment, no later than May 6, 2019. The judgment further notified Mr. Baker that his failure to provide discovery responses could result in a judgment against him, striking his defense and/or imposition of permissible sanctions.

On May 7, 2019, Southern Aggregate filed another motion for contempt arguing that Mr. Baker failed to supplement his discovery responses by the May 6, 2019 deadline. It further maintained that the supplemental discovery responses provided between March 28, 2019 and April 4, 2019, were inadequate. Southern Aggregate sought to have the trial court impose sanctions against Mr. Baker pursuant to La. C.C.P. art. 1471. In response, Mr. Baker filed an exception of prematurity and memorandum in opposition to the motion for contempt. Mr. Baker asserted that a La. Dist. Ct. Rule 10.1 discovery conference was required before Southern Aggregate could file a motion for contempt. By judgment dated June 3, 2019, the trial court granted the motion for contempt, denied the exception of prematurity and, pursuant to La. C.C.P. art. 1471, struck all defenses available to Mr. Baker. This appeal followed.

## Discussion

Mr. Baker asserts two assignments of error challenging the trial court's judgment granting Southern Aggregate's motion for contempt. He argues the trial court erred in granting the motion for contempt and striking his available defenses. Additionally, he maintains that the motion for contempt was premature because the

parties did not conduct a La. Dist. Ct. Rule 10.1 discovery conference prior to filing the motion.

## Standard of Review

An Appellate Court reviews a trial court's finding of contempt under a manifestly erroneous standard of review. *State through Dep't of Children & Family Servs. Child Support Enf't. v. Knapp*, 2016-0979, p. 11 (La.App. 4 Cir. 4/12/17), 216 So.3d 130, 139. A trial court is accorded great discretion in determining whether to hold a party in contempt of court. *Joseph v. Entergy*, 2007-0688, p. 7 (La.App. 4 Cir. 12/5/07), 972 So.2d 1230, 1236. This discretion is further vested in the trial court when imposing sanctions for failing to comply with discovery orders. *Raspanti v. Litchfield*, 2005-1512, pp. 9-10 (La.App. 4 Cir. 11/21/06), 946 So.2d 234, 241. "Thus, appellate courts do not reverse the trial court's imposition of sanctions absent an abuse of discretion." *Id.*

## Applicability of La. Dist. Ct. Rule 10.1

Mr. Baker argues that it was premature for Southern Aggregate to file a motion for contempt prior to conducting a La. Dist. Ct. Rule 10.1 discovery conference. He maintains that La. C.C.P. art. 1471 is a discovery article and therefore, any motion filed pursuant to the codal article mandates a mandatory La. Dist. Ct. Rule 10.1 discovery conference. We find this argument unpersuasive. La. Dist. Ct. Rule 10.1 is titled "Rule 10.1. Motions to Compel Discovery" and provides:

> (a) Before filing any motion to compel discovery, the moving party or attorney shall confer in person or by telephone with the opposing party or counsel for the purpose of amicably resolving the discovery dispute. The moving party or attorney shall attempt to arrange a suitable conference date with the opposing party or counsel and confirm the date by written notice sent at least five (5) days before the conference date, unless an earlier date is agreed

4

upon or good cause exists for a shorter time period. If by telephone, the conference shall be initiated by the person seeking the discovery responses.

(b) No counsel for party shall file, nor shall any clerk set for hearing, any motion to compel discovery unless accompanied by a "La. Dist. Ct. Rule 10.1 Certificate of Conference… ."

As noted by the trial court, the motion at issue is a motion for contempt, not a motion to compel. La. Dist. Ct. Rule 10.1 specifically provides that a discovery conference is required when a motion to compel is at issue. The wording of the statute makes it clear that La. Dist. Ct. Rule 10.1 does not address contempt motions. Thus, the requirements of La. Dist. Ct. Rule 10.1 are not applicable to a motion for contempt and Southern Aggregate was not required to conduct a discovery conference prior to filing its motion for contempt.

**Motion for Contempt**

Mr. Baker asserts that he provided adequate discovery responses as ordered by the trial court. He maintains that he supplied Southern Aggregate with 5,657 pages of documents in response to the discovery request. Additionally, Mr. Baker argues that his lack of immediate compliance with the trial court's order does not warrant the imposition of sanctions.

This court has previously articulated the principles regarding contempt of court:

> Contempt of court proceedings in civil cases are governed by La. C.C.P. art. 221, *et seq.*, which define contempt as "any act or omission tending to obstruct or interfere with the orderly administration of justice, or to impair the dignity of the court or respect for its authority." The Code of Civil Procedure provides for two kinds of contempt, direct and constructive. Direct contempt of court is defined in La. C.C.P. art. 222 as "one committed in the immediate view and presence of the court and of which it has personal knowledge, or a contumacious failure to comply with a subpoena or summons, proof of service of which appears of record." Constructive contempt of court is any contempt other than a direct one, including the "[w]illful

5

disobedience of any lawful judgment, order, mandate, writ, or process of the court." La. C.C.P. art. 224(2).

*Joseph v. Entergy*, 2005-0263, p. 4 (La.App. 4 Cir. 8/3/05), 918 So.2d 47, 50. The trial court found Mr. Baker in constructive contempt of court since he failed to comply with the trial court's judgment.

"A court's finding that a person willfully disobeyed a lawful judgment in violation of La. C.C.P. art. 224(2) must be based on a finding that the accused violated an order of the court 'intentionally, purposely, and without justifiable excuse.'" *State through Dep't of Children & Family Servs. Child Support Enf't.*, 2016-0979, p. 13, 216 So.3d at 140 (quoting *Burst v. Schmolke*, 2010-1036, p. 6 (La.App. 4 Cir. 4/6/11), 62 So.3d 829, 835. The trial court first ordered Mr. Baker to provide full and complete discovery responses by its January 28, 2019 judgment. The trial court specifically stated which discovery questions Mr. Baker was ordered to respond to and noted that he could not object in those responses. Although, Mr. Baker provided Southern Aggregate with discovery responses, they were deemed inadequate. The trial court again ordered Mr. Baker to fully comply with its January 28, 2019 judgment, by its April 5, 2019 judgment, and notified him that his failure to do so could result in La. C.C.P. art. 1471 sanctions. By the time Southern Aggregate filed its May 7, 2019 motion for contempt, as noted by the trial court, Mr. Baker had been provided with multiple opportunities to comply with the trial court's January 28, 2019 judgment ordering complete discovery responses.

Mr. Baker was provided with numerous opportunities to comply with the trial court's discovery order, yet he failed to provide adequate discovery responses. As such, the trial court was not manifestly erroneous in finding that Mr. Baker

6

intentionally, purposely and unjustifiably violated its January 28, 2019 judgment ordering complete discovery responses. Due to the seriousness of failing to obey an order of the trial court, we find the trial court did not abuse its discretion in granting the motion for contempt.

Mr. Baker also challenges the sanctions imposed by the trial court in granting the motion for contempt. In the case *sub judice*, the trial court imposed sanctions on Mr. Baker striking his defenses pursuant to La. C.C.P. art. 1471 which provides, in pertinent part:

> A. If a party or an officer, director, or managing agent of a party or a person designated under Article 1442 or 1448 to testify on behalf of a party fails to obey an order to provide or permit discovery, including an order made under Article 1464 or Article 1469, the court in which the action is pending may make such orders in regard to the failure as are just, including any of the following:
>
> (1) An order that the matters regarding which the order was made or any other designated facts shall be taken to be established for the purposes of the action in accordance with the claim of the party obtaining the order.
>
> (2) An order refusing to allow the disobedient party to support or oppose designated claims or defenses, or prohibiting him from introducing designated matters in evidence.
>
> (3) An order striking out pleadings or parts thereof, or staying further proceedings until the order is obeyed, or dismissing the action or proceeding or any part thereof, or rendering a final default judgment against the disobedient party upon presentation of proof as required by Article 1702.
>
> \*\*\*
>
> C. In lieu of any of the foregoing orders or in addition thereto, the court shall require the party failing to obey the order or the attorney advising him or both to pay the reasonable expenses, including attorney fees, caused by the failure, unless the court finds that the failure was substantially justified or that other circumstances make an award of expenses unjust.

"[T]here is a distinction between the sanctions available for a failure to comply with party-initiated discovery and for a failure to comply with a court order

7

to provide or permit discovery." *MTU v. N. Am., Inc. v. Raven Marine, Inc.*, 475 So.2d 1063, 1070 (La. 1985). "Failing to obey court ordered discovery is a more 'serious matter' that requires more 'severe sanctions' than failing to comply with discovery." *Raspanti*, 2005-1512, p. 10, 946 So.2d at 241 (citing *Horton v. McCary*, 1993-2315 (La. 4/11/94), 635 So.2d 199, 203.

The sanctions outlined in La. C.C.P. art. 1471 are imposed when a party fails to comply with a trial court's discovery order. *Cambrie Celeste LLC v. Starboard Mgmt., LLC*, 2016-1318, p. 11 (La.App. 4 Cir. 11/6/17), 231 So.3d 79, 85. The trial court implemented a remedy, for failing to comply with its judgment, which is available to the trial court pursuant to La. C.C.P. art. 1471. Thus, we find the trial court did not abuse its discretion in striking all defenses available to Mr. Baker.

## Conclusion

La. Dist. Ct. Rule 10.1 discovery conferences are not applicable to motions for contempt, thus the trial court did not err in denying Mr. Baker's exception of prematurity. Further, based on the record before this Court, the trial court did not abuse its discretion in granting Southern Aggregates motion for contempt and implementing La. C.C.P. art. 1471 sanctions striking all defenses available to Mr. Baker. Accordingly, the June 3, 2019 judgment of the trial court is affirmed.

**AFFIRMED**