YELVERTON, Judge.
This is an appeal by Arthur R. Labbe and Patricia P. Labbe from a judgment finding each of them liable to the payee, People’s Enterprise, Inc., on a promissory note. In their answer to the suit Arthur and Patricia, claiming to be accommodation parties, raised a number of defenses. A trial on the merits as to Arthur resulted in a rejection of those defenses and judgment against him. Patricia was never accorded a trial on the merits. There is no transcript of testimony in the record, no agreed narrative of facts, and no statement of facts or reasons for judgment by the court. Accordingly, the judgment against Arthur stands as presumptively valid. We reverse the judgment against Patricia, and remand for a new trial.
The case presents procedural problems. The petition alleged that People’s Enterprise sold some household goods to George and Ranella Stewart, who signed a promissory note as borrowers payable to plaintiff, and that appellants Arthur and Patricia Labbe signed this note as co-makers. The petition named only Arthur and Patricia as defendants and demanded the balance unpaid on the note, $5,557.14, with interest, attorney’s fees, and costs.
People’s Enterprise took a default judgment against both Arthur and Patricia on January 5, 1987. Arthur and Patricia moved for a new trial on January 13, 1987. On January 21, 1987, Judge Sue Fontenot, the same judge who had granted the default judgment, “rescinded, canceled, and recalled” the default judgment, and “in the interest of justice”, ordered a new trial for both defendants.
The defendants, Arthur and Patricia, then filed an answer setting up a number of defenses (permissible since People’s Enterprise was not a holder in due course, LSA-R.S. 10:3-306). A date for the merit trial was set for July 1, 1987.
At the trial District Judge Douglas Nehrbass (not Judge Fontenot who had rendered and then set aside the default judgment and granted a new trial) presided. There is no transcript in the record of the trial proceedings of July 1, 1987. The minutes of court of July 1, 1987, say this:
Peoples Enterprise, Inc. VERSUS Arthur Labbe, et al
This matter was previously fixed for this date, now taken up on the Merits. Present in open court were the attorney for the plaintiff, Ed Rubin; and the attorney for the defendant, Arthur Labbe. An application for a new trial that was filed on January 21,1987 was then taken up by the court. After hearing oral arguments, the court overruled Judge Fon-tenot’s granting of the new trial as to Mrs. Labbe and will reinstate the judgment as against Mrs. Labbe but will allow a new trial as to Mr. Labbe. After hearing the evidence and testimony herein, the court finds there is no legal basis for a defense and will grant the plaintiff judgment for the amount sued for, less the amounts of payment and defendant is entitled to a credit for the interest from the date of payment. Judgment to be signed upon presentation.
*786 As these minutes indicate, on July 1, 1987, Judge Nehrbass denied the motion for a new trial which had been granted by Judge Fontenot to Patricia and reinstated the default judgment. Although the judgment that was signed purported to reinstate the default judgment, it actually did not reinstate the judgment but rendered a new one reducing the original amount to $4,037.14, and awarding interest and costs, but not attorney’s fees. At the same time, as to Arthur, who was given a new trial, judgment was also rendered on the merits for $4,037.14, with interest, attorney’s fees, and costs.
This is the judgment which is appealed by both Arthur and Patricia. We will explain our disposition as to the appeal of each party.
ARTHUR’S CASE
The record before us does not contain a transcript of testimony. The record shows that in accordance with the statutory procedure of La.C.C.P. Art. 2126 regarding payment of costs, the appellants were notified of the estimated cost of the preparation of the record on appeal, including the fee of the court reporter for preparing the transcript and the filing fee required by the appellate court. Appellants responded to this notice by paying the other costs but did not pay the fee of the court reporter for preparing the transcript. For that reason the transcript was never prepared.
It is the responsibility of the appellant to provide this court with a transcript. Miller v. Miller, 480 So.2d 789 (La.App. 3rd Cir.1985), writ den. 481 So.2d 1337 (La.1986). In the absence of a transcription of the testimony, the appellants had two other ways of getting before the appellate court the facts for our review. La.C.C.P. Art. 2131 authorizes either a narrative of facts by the parties or a narrative of facts by the trial judge for the record on appeal. Strange v. Imperial Pools, Inc., 520 So.2d 1039 (La.App. 3rd Cir.1987), writ den. 522 So.2d 565 (La.1988). It is the appellants’ responsibility to secure this narrative. Mouton v. Mosley, 448 So.2d 893 (La.App. 3rd Cir.1984). Appellants in their brief set forth a “statement of facts”, consisting of an argument based upon their unilateral interpretation of the testimony presented at the trial on the merits. The law does not authorize a party to unilaterally narrate the alleged facts for the benefit of the appellate court. Johnson v. Bucyrus-Erie Co., 476 So.2d 1074 (La.App. 3rd Cir.1985). Thus, we have no transcript, no narrative, and no reasons for judgment in this record.
Where there is no transcription of the testimony, no narrative of facts, and no reasons for judgment (which might be considered in lieu of a narrative of facts), and the judgment recites that plaintiff has produced due proof in support of its demand and that the law and the evidence favors it and are against defendants, the presumption is that the judgment was rendered upon sufficient evidence and that it is correct. Succession of Rock v. Allstate Ins. Co., 340 So.2d 1325 (La.1976); Strange v. Imperial Pools, Inc., supra. Arthur was granted a new trial, it was conducted, a judgment was rendered, and we presume it was correct. We accordingly affirm the judgment against Arthur R. Labbe.
PATRICIA’S CASE
The default judgment originally handed down on January 5, 1987, was against Arthur and Patricia in the amount of $5,557.14 with legal interest from the date of judicial demand, plus 25 percent of the principal and interest as attorney fees, and all costs. The judgment “reinstated” on July 7, 1987 as to Patricia was in the amount of $4,037.14 with interest from the date of judicial demand until paid and all costs.
We cannot be sure on this record why the new trial order was “overruled” as to Patricia but allowed to stand as to Arthur. Perhaps the merit trial judge believed that Patricia’s application for a new trial was untimely. The appellants’ brief (the appel-lee did not file an appellate brief) seems to suggest this, saying:
Even at trial the plaintiff did not initiated [sic] the objection as to the untimely fil *787 ing of the application for New Trial by the defendant Patricia Labbe. The trial judge on his own motion decided to vacate the previous judgment granting her a new trial because the record seemed to show that she was personally served.
When the original suit was filed in 1986 Patricia was served personally while Arthur was served by domiciliary service. The confirmation of default judgment was signed January 5, 1987. Arthur, but not Patricia, was entitled to notice of judgment. La.C.C.P. Art. 1913. Notice of judgment was served on Arthur on January 7, 1987. Thus, the delay for applying for a new trial began to run for Patricia on January 6, and for Arthur on January 8. La.C.C.P. Art. 1974. The delay for applying for a new trial is seven days exclusive of legal holidays. Id. The application in this case was filed by both parties January 13. Patricia’s application was timely. If this was the reason the merit trial judge took back the new trial granted to Patricia, but allowed it as to Arthur, the court was in error, as the application for a new trial as to both parties was timely.
We can conceive of no other reason why the merit trial judge decided to “overrule” the grant of a new trial as to Patricia, but allow it as to Arthur. (We take notice that the judge who rendered the default judgment then granted the new trials in January 1987 retired from the bench on March 20, 1987, and we assume that the merit trial judge became the successor judge as to this case.)
Both defendants were entitled to their day in court. Arthur was given his; Patricia was not granted hers. She was denied her day in court when the trial judge, at the commencement of trial, “overruled” the grant of a new trial and “reinstated” the default judgment against her. The “reinstated” judgment was for a principal sum less than the original judgment, and (perhaps inadvertently) left out attorney’s fees; to this extent it could be argued that Patricia got the benefit of Arthur’s trial on the merits. However, Patricia objects to any judgment at all being rendered against her, whether it is a pure reinstatement of the original default, or this hybrid variety. Also, she objects that her new trial was taken from her, and she was not allowed a new trial and the opportunity to present her defenses. When reviewing the denial of a new trial from a default judgment, we must be particularly cautious in examining the circumstances due to the general policy consideration, weighing in the defendant’s favor, that every litigant should be allowed her day in court. Thibodeaux v. Burton, 538 So.2d 1001 (La.1989). We accordingly must remand this case to allow Patricia a new trial.
For the foregoing reasons, the judgment of the trial court as to Arthur R. Labbe is affirmed. The judgment against Patricia P. Labbe is reversed, and the case as to her is remanded for a new trial. Costs of this appeal will be bom one-half by People’s Enterprise, Inc., and one-half by Arthur R. Labbe.
JUDGMENT AFFIRMED AS TO ARTHUR R. LABBE; JUDGMENT REVERSED AND REMANDED FOR NEW TRIAL AS TO PATRICIA P. LABBE.