EDWIN A. LOMBARD, Judge.
hThe defendant/appellant, Jos. Fein Caterer, Inc., d/b/a Court of Two Sisters “(Fein”), appeals the trial court judgment granting a preliminary injunction and ordering the defendani/appellant “to comply with the City of New Orleans Noise Ordinances Section 66-02.” After review of the record in light of the applicable law and arguments of the parties, we affirm the judgment of the trial court, but remand to the trial court for the plaintiffs/appellees to post bond.

Relevant Facts and Procedural History

On December 8, 2004, the plaintiff/appel-lee, Peterson M. Yokum (“Yokum”), filed a petition for damages and declaratory and injunctive relief against the defendant/appellant, a restaurant, alleging that the music played for the restaurant’s jazz brunch exceeded the city noise ordinances and violated both zoning regulations prohibiting live music and state statutes prohibiting unreasonably intrusive music by a licensed retail dealer of alcoholic beverages. In supplemental and amending petitions, the plaintiff requested a preliminary injunction enjoining the defendants[1] from violating the applicable city ordinances |2and state laws pertaining to noise and nuisance and added as plaintiffs Polly Elizabeth Anderson, French Quarter Citizens for Preservation of Residential Quality, and Vieux Carre Property Owners, Residents and Associates, and as defendant, Nick Karno, owner of the property leased by defendant Fein, as a defendant.
At the preliminary injunction hearing on February 25, 2005, the parties introduced affidavits from their respective expert audiologists. The plaintiffs’ expert stated that based on tests he conducted in the Yokum residence the music emanating from the restaurant was in excess of 80 decibels and therefore in excess of the limits set by the applicable city ordinances. *673 An expert for the defendants asserted, however, that based on her scientific sound level measurements the noise levels recorded on Yokum’s porch were well within the limit levels set by the city noise ordinance.
On March 11, 2005, the district court issued its judgment granting the plaintiffs’ request for a preliminary injunction and ordering Fein to comply with the applicable city noise ordinance, City of New Orleans Noise Ordinances Section 66-202.
| ^Applicable Law
To obtain a preliminary injunction, a petitioner must (1) demonstrate he would suffer irreparable injury, loss, or damage without the injunction; (2) show entitlement to the relief sought; and (3) make a prima facie showing that he is likely to prevail on the merits. Saunders v. Stafford, 05-0205, p. 5 (La.App. 4 Cir. 1/11/06), 923 So.2d 751, 754.
“An appeal may be taken as a matter of right from an order or judgment relating to a preliminary or final injunction .... ” La.Code Civ. Proc. art. 3612. This court reviews the trial court’s granting of a preliminary injunction to determine if the trial court committed an error of law or if the granting was manifestly erroneous or clearly wrong. Ellis Construction, Inc. v. Vieux Carre Resort Properties., L.L.C., 05-1109, p. 3 (La.App. 4 Cir. 6/7/06), 934 So.2d 206, 209 (citation omitted); see also Oliver v. Cal Dive International, Inc., 02-1122, p. 7 (La.App. 1 Cir.4/2/03), 844 So.2d 942, 947 (inadequacy in the record is imputable to the appellant).

Discussion

Fein raises three assignments of error: (1) the trial court erred in granting a preliminary injunction because it granted the plaintiffs’ application for a preliminary injunction without evaluating the evidence to determine whether the plaintiffs satisfied their burden of proof; (2) the trial court erred in granting a preliminary injunction without describing in reasonable detail the restrained act or acts; and (3) the trial court erred in granting the preliminary injunction without requiring the plaintiffs to post security. Fein’s claims in assignments of error 1 and 2 are without merit.
14First, because the record lodged in this case contains neither the hearing transcript nor a joint written and signed narrative by the parties or by the trial judge pursuant to La.Code Civ. Proc. arts. 2130 & 2131[2] nor the judge’s written reasons for judgment or a minute entry indicating his reasons for judgment[3], we must presume that to the extent the trial court’s judgment depended on facts, the judgment was supported by competent evidence and should be affirmed. See Oliver, 02-1122 at p. 8, 844 So.2d at 947.
Next, to the extent that Fein’s complaint is that the trial judge erroneously failed to make a final determination as to the evidence presented, to interpret the applicable ordinances in light of the con *674 flicting expert opinions, or to craft a final resolution for the dispute between the parties, the defendant misapprehends the purpose of a preliminary injunction. A preliminary injunction is only an interlocutory procedural device designed to preserve the existing status quo pending a trial of the issues on the merits of the case.
Moreover, the preliminary injunction in this case merely requires Fein to adhere to the city’s noise ordinance and thus maintains the status quo pending resolution of the matter after a trial on the merits. Requiring Fein to adhere city noise regulations neither harms nor inconveniences Fein, particularly in light of Fein’s claim that the volume of the music played at the restaurant’s jazz brunch does not exceed the applicable city ordinance. The trial judge’s specific reference to a particular noise ordinance adequately informs the defendant, pursuant to La.Code Civ. Proe. art. 3605, of the act “sought to be restrained” by the preliminary | injunction. Clearly, a final determination concerning the differing expert’s conclusions in conjunction with the appropriate interpretation of the applicable statutes and regulations would be premature at this point in the proceedings.
Fein is correct, however, in claiming that the trial judge erred as a matter of law by failing to require the plaintiffs to furnish security in connection with issuing the preliminary injuction. La.Code Civ. Proc. art. 3610 (“A temporary restraining order or preliminary injunction shall not issue unless the applicant furnishes security in the amount fixed by the court, except where security is dispensed with by law-”). This court strictly construes Article 3610 to require the posting of security for preliminary injunctions. Yokum v. Van Calsem, 05-0797, p. 5 (La.App. 4 Cir. 6/21/06) 935 So.2d 736, 739.
Under the facts of this case we find no applicable law that dispenses with security and, therefore, the trial judge erred in granting the application for preliminary injunction without requiring the plaintiffs to post security. Accordingly, we may either remand the case to the trial court with directions that security be furnished or reverse the judgment of the trial court granting the preliminary injunction. Id. at 6, 935 So.2d at 739 (citation omitted). Clearly, dissolving the injunction serves no useful purpose in this case and concomitantly remanding the case to the trial court for the posting of bond serves the interests of justice and judicial efficiency. Therefore, the case is remanded to the trial court with instructions to fix the amount of the bond.
| Conclusion
For the foregoing reasons, we affirm the judgment granting the preliminary injunction and remand the case to the trial court with instructions to fix security in accordance with the law.
AFFIRMED IN PART; REMANDED WITH INSTRUCTIONS.

. As noted infra, the plaintiffs/appellees added Nick Karno, the premises owner, as a party defendant.

. Louisiana Code of Civil Procedure Article 2131 provides, "If the testimony of the witness has not been taken down in writing, the appellant must request the other parties to join with him in a written and signed narrative of the facts, and in cases of disagreement as to this narrative or of refusal to join it in any time prior to the lodging of the record in the appellate court, the judge shall make a written narrative of the facts, which shall be conclusive.” La.Code Civ. Proc. Art. 2131 (West 2006).

. See People’s Enterprise Inc. v. Labbe, 542 So.2d 784, 786 (La.App. 3 Cir. 1989) (law does not authorize a party to unilaterally narrate the alleged facts for the benefit of the appellate court).