MICHAEL E. KIRBY, Judge.
| defendant, AHEPA 133/Penelope 55, Inc. (“AHEPA”), appeals the trial court judgment granting a preliminary injunction in favor of plaintiff, Robert Asaro.[1] For reasons that follow, we reverse the trial court judgment and vacate the preliminary injunction.
On September 9, 2008, AHEPA applied for a building permit with the Department of Safety and Permits for the City of New Orleans for the construction of a facility described in the permit application as “Senior Independent Living Apartments (Multi-Family).” The address of the proposed project was listed as 7820 Hayne Boulevard. The permit was issued on March 13, 2009. On May 19, 2009, AHE-PA’s project manager submitted revised plans to the Department of Safety and Permits for the project previously reviewed and approved. In the letter submitted with the proposed plan revisions, the project manager stated, in pertinent part:
| .¿Attached are two sets of drawings for the project previously reviewed under permit number 08COM-01447. We are in need of making a minor modification which affected the building footprint. This in effect changed almost every drawing that included a floor plan. Most of the modifications take place in the central core area of the building. Although the modification was minor in nature, most of the set of documents were effected [sic] therefore we are submitting a full new set of documents for your review.
The revised plans were approved by the Department of Safety and Permits on July 20, 2009. However, written notice of the approval was not sent to AHEPA’s architect until August 21, 2009. AHEPA commenced work on the project in the first week of February 2010. On February 8, 2010, the Department of Safety and Permits issued a “stop work” order on the project, and then rescinded that order on February 17, 2010.[2]
On February 19, 2010, plaintiff filed a petition for preliminary and permanent injunction. The plaintiff alleged that AHE-PA’s permit had expired, and that AHEPA must now obtain approval of the New Orleans City Council on a new permit application due to imposition of a moratorium passed by the City Council on July 23, 2009 that affects permit applications for certain types of construction in a section of Eastern New Orleans. In support of the petition, plaintiff submitted his affidavit, which stated that he is the owner of Southern Oaks Plantation that is located on the property adjacent to the AHEPA property. He stated that his business of providing wedding receptions will be adversely affected by the construction of the facility being built by AHEPA.
|sOn the same date that plaintiffs petition was filed, the trial court granted plaintiff a temporary restraining order, without bond, which prohibited any further activity relating to the construction project at issue. On February 25, 2010, AHEPA filed a motion for dissolution of the temporary restraining order. Following a hearing on March 8, 2010, the trial court rendered judgment granting AHEPA’s motion for dissolution of the temporary restraining order. In the same judgment, the trial court granted plaintiffs petition for pre *1217 liminary injunction and ordered plaintiff to post a $5,000.00 security bond. AHEPA now appeals the trial court’s granting of the preliminary injunction.
To obtain a preliminary injunction, a petitioner must (1) demonstrate that he would suffer irreparable injury, loss, or damage without the injunction; (2) show entitlement to the relief sought; and (3) make a prima facie showing that he is likely to prevail on the merits. Yokum v. Court of Two Sisters, Inc., 06-0732, p. 3 (La.App. 4 Cir. 11/21/06), 946 So.2d 671, 673, citing Saunders v. Stafford, 05-0205, p. 5 (La.App. 4 Cir. 1/11/06), 923 So.2d 751, 754. A showing of irreparable harm is not required in eases where the conduct sought to be restrained is unlawful, such as when the conduct constitutes a direct violation of a prohibitory law. State Machinery & Equipment Sales, Inc. v. Iberville Parish Council, 05-2240, p. 4 (La.App. 1 Cir. 12/28/06), 952 So.2d 77, 81. An appellate court reviews a trial court’s granting of a preliminary injunction to determine if the trial court committed an error of law or if the granting was manifestly erroneous or clearly wrong. Yokum v. Court of Two Sisters, Inc., supra.
|4On appeal, AHEPA first argues that the trial court erroneously concluded that building permit #08COM-01447 had expired. At the conclusion of the March 8, 2010 hearing, the trial court issued oral reasons for granting plaintiff’s petition for preliminary injunction. The trial court found that AHEPA’s permit had expired, and there was no “good cause” shown for an extension of the permit.
AHEPA argues that its original permit has never expired and therefore, no extension was needed or sought. Two months after the original permit was issued, AHE-PA submitted revised plans to the Department of Safety and Permits as required by the Building Code of. the City of New Orleans. Although the modification to the plans was described by AHEPA’s project manager as “minor,” she explained in a letter to the Department of Safety and Permits that the modification affected the entire building footprint. AHEPA argues that because the requested revisions to the plans affected the entire project, it was required to wait until the revisions were approved before proceeding with construction.
The following sections of the Comprehensive Zoning Law of the City of New Orleans and the Building Code of the City of New Orleans are relevant to the instant case. Section 17.2.7(1) of the Zoning Code, entitled “Expiration,” states as follows:
Except for prior permits provided for in Section 17.2.5, a building permit issued pursuant to this section shall expire within six (6) months after its issuance if construction has not commenced and if no request for extension has been filed prior to such date.
Section 17.2.7(2) of the Zoning Code, entitled “Extension of Permits,” states as follows:
|RThe Director of Safety and Permits, upon written application filed prior to expiration of the building permit, may authorize for good cause an extension not to exceed six (6) months of such permit.
Section 106.3.4 [3] of the Building Code of the City of New Orleans, entitled “Revi *1218 sion of Approved Construction Documents,” states as follows:
It shall be unlawful to erase, materially alter or modify any lines, figures, letters, words or coloring contained in the construction documents stamped by the Director. If during the progress of the execution of such work it is desired to deviate in any manner affecting the construction or other essentials of the building from the terms of the applications, plans, or specifications or statement of cost of work, notice of such intention to alter or deviate shall be given in writing to the Director, and his written assent shall be obtained before such alterations or deviations may be niade. If such change or deviation affects structural design, exit arrangement, occupancy changes, etc., then new construction documents thereof shall be submitted to the Director for approval, and, if necessary, an additional permit shall be secured.
The only witness who testified at the hearing on the preliminary injunction request was Mr. Paul May, Director of the Department of Safety and Permits for the City of New Orleans. He testified that AHEPA’s permit did not expire, and therefore, an extension was not necessary. When AHEPA realized that the plans for the construction project required substantial revisions, it was required to submit the revised plans for another review, and was not allowed to proceed with construction until the revised plans were approved. Mr. May stated that this additional review did not require a new permit application. The policy of his office |Bis that the six-month period during which construction must commence started over when the plan examiner released the letter informing AHEPA that the plan revisions had been approved. The letter authorizing the revised plans was released on August 21, 2009. Because work commenced on the construction project in the first week of February 2010, six months had not elapsed between the issuance of the approval letter and the commencement of construction.
Several days before the hearing, Mr. May executed an affidavit, which is consistent with his testimony at the hearing. Mr. May was asked at the hearing to explain the inconsistencies between his affidavit and a letter he sent on February 11, 2010 to the project developer in which Mr. May referred to the pennit as having been extended, and informed the developer that construction could proceed. Mr. May explained that at the time he wrote the letter, he was under the impression that the permit had been extended by the chief building inspector. He wrote the letter without examining the file in this case. Once this lawsuit was filed, Mr. May fully reviewed the file, determined that the permit had not been extended and included the correct dates in his affidavit.
Plaintiff submitted a computer printout from the website of the Department of Safety and Permits. The printout included the line, “Condition Status: Permit has expired — over 6 months old no work.” Mr. May testified that the software in his department’s computer program is only set up to take the initial dates of permits, and does not include additional dates unless someone makes the effort to go into the program and enter additional dates.
|7We find that the trial court erred in its findings that the permit expired and that AHEPA was required to demonstrate that it had “good cause” for a permit extension. The record as a whole, including the uncontroverted testimony of the Di *1219 rector of Safety and Permits, shows that no extension was needed or requested. Once AHEPA received its permit, it was required to follow the rules of the New Orleans Building Code. Pursuant to Section 106.3.4 of the Building Code, AHEPA had no choice but to submit its plan revisions to the Department of Safety and Permits for further review. Because the plan revisions affected the whole footprint of the project, AHEPA was required to wait for the approval of the Department of Safety and Permits before proceeding with the construction project at issue.
The Director’s testimony was that the six-month period during which construction must commence started over when the plan examiner released the letter informing AHEPA that the plan revisions had been approved. AHEPA commenced construction on the project within six months of the notice of approval of the plan revisions. Therefore, the permit was still valid when construction commenced. As for comments listed on a computer printout from the Department of Safety and Permits’ website, we find that this was not reliable evidence and should not have been considered by the trial court.
AHEPA next argues that the trial court eri’ed in finding that the approval of the plan revisions was invalid because the Director of Safety and Permits did not personally sign the approval. The trial court essentially found that the Building 18Code’s requirement of the Director’s written assent of the approval of plan revisions cannot be delegated to other employees within his department.
Section 4-702 of the City’s Home Rule Charter, dealing with the functions of the Department of Safety and Permits, includes the following:
The Department of Safety and Permits, headed by a Director of Safety and Permits, shall:
******
(2) Issue permits and to that end:
(a) Receive all applications for permits and determine whether the applicant is entitled thereto according to laws, ordinances and regulations under which the permit is required. No permit shall be issued until after certification by the appropriate office, department or board interested or affected, if any.
(b) Issue the permit if the application is approved and the fee paid, or notify the applicant in writing of any refusal and the reasons therefor.
This provision establishes that the permitting process is a function of the Department of Safety and Permits, and not that of the Director alone. The requirement that plan revisions be submitted for further review is part of the permitting process. We find it unreasonable to interpret the phrase “written assent of the Director” to preclude the Director from delegating this duty to an employee. The Department’s Chief Plan Examiner issued the notice to AHEPA that the plan revisions had been approved. His authority to do so was delegated to him by the Director, Mr. May. We conclude that the trial court’s finding that he could not do so was erroneous.
IflAHEPA also argues that its building permit is not subject to the moratorium passed in New Orleans City Council Motion M-09-372. On July 23, 2009, the City Council passed the following motion, in pertinent part:
BE IT FURTHER MOVED, that in accordance with Article 16, Section 4.4(3) of the Comprehensive Zoning Ordinance, all appropriate agencies of City Government shall not accept any applications for permits or licenses that are in conflict with the intent and provisions *1220 of the proposed Eastern New Orleans Renaissance Corridor Interim Zoning District for properties contained within the aforesaid area during the consideration of this matter. The Interim Zoning District is to be in effect for a period of 180 days and is subject to extension as provided by Section 3-126 of the City Code. Any appeals shall be to the City Council in accordance with Article 16, Section 16.4.5(3) of the Comprehensive Zoning Ordinance.
AHEPA argues that because its permit application was made prior to the date that this motion was passed, the moratorium does not apply in this case. We agree.
AHEPA applied for building permit 08COM-01447 on September 9, 2008. The uncontroverted testimony of the Director of Safety and Permits established that the submission of plan revisions on May 19, 2009 did not constitute a new permit application. The same permit number was used for the plan modification review. Because the submission of plan revisions for review was not an application for a permit, the moratorium put in place by the passage of City Council Motion M-09-372 does not apply to the permit issued to AHEPA.
A review of the record shows that the plaintiff did not establish his entitlement to the issuance of a preliminary injunction against AHEPA for the | ^construction project at issue. We find that the trial court erred in granting the injunction.
Accordingly, for the reasons stated above, we reverse the trial court judgment and vacate the preliminary injunction.
JUDGMENT REVERSED; PRELIMINARY INJUNCTION VACATED.
BELSOME, J., dissents with reasons.

. The original petition in this case referred to the plaintiff as "John Asaro." An amended petition stated that the plaintiff's name should have been listed in the original petition as "Robert Asaro.”

. The record does not include the plans for the project at issue, the “stop work” order or the order rescinding the "stop work” order.

. Throughout the record, the trial court and parties refer to "Section 103.3.2” of the Building Code entitled "Revision of Approved Plans.” The current edition of the Intema-tional Building Code, which has been adopted by the City of New Orleans, with the addition of amendments, contains no such section number or title. However, Section 106.3.4 of *1218 the Building Code, entitled "Revision of Approved Construction Documents,” contains almost the same wording as the section referred to by the trial court and parties.