DANIEL L. DYSART, Judge.
| jPeter Yokum (‘Yokum”) and Polly Anderson (“Anderson”), Vieux Carre Property Owners Residents and Associates, Inc., and French Quarter Citizens, Inc., filed suit against Nicholas S. Karno II, Inc., d/b/a Old Opera House (“Karno”), requesting that a preliminary injunction be issued against Karno for violation of existing statutes and ordinances prohibiting excessive noise at its establishment in the French Quarter in New Orleans. On December 8, 2010, a preliminary injunction was issued by the trial court enjoining Karno from committing any further violations of these laws. Yokum subsequently filed a motion for contempt, arguing that on two occasions, March 18 and 19, 2011, the sound levels were in violation of the injunction.
After a March 14, 2012 hearing, the trial court rendered judgment on April 20, 2012, finding that Karno had violated the injunction and issued the following judgment:
IT IS ORDERED, ADJUDGED AND DECREED that Defendant, Nicholas S. Karno, II, Inc., d/b/a Old Opera House is found to have violated the Injunction set forth in this Court’s December 8, 2010 Judgment, by its violations of the City of New Orleans’ Municipal Code, |2Section 66-202, Louisiana Revised Statute 26:90A(14) a, and Louisiana Revised Statute 26:286A(14) a. The Court has advised the Defendanh-Re-spondent that sanctions are forthcoming. This Court has instructed the defendant to immediately institute policies and procedures to assure compliance with this Court’s December 8, 2010 Judgment, including, but not limited to making appropriate sound measurements as called for by New Orleans’ Municipal Code, and to reduce the level of sound emanating from Old Opera House to comply with La. RS. 26:90A(14)a, and La. RS. 26:286A(14)a. Plaintiffs-Movers are instructed to file a motion to determine damages to be awarded in accord with La. C.C.P. Art. 3611.
Pursuant to the judgment, Yokum submitted a motion to award damages on May 11, 2012, asking that Karno be ordered to pay Yokum an amount equal to the gross revenue for four dates[1] xon which Yokum asserted that Karno violated the injunction and that Karno be ordered to pay Yokum an amount equal to Old Opera House’s gross revenues for January 17 and 18, *726 2012, and March 18 and 19, 2011, in addition to the costs of obtaining the injunction, totaling $39,380.05.[2]
The trial court granted Yokum’s motion for damages in part, ordering Karno to pay a $1,000 fine to the court, and to pay Yokum’s expert fees and court costs in connection with the motion for contempt, but otherwise denied Yokum’s request for monetary damages. Yokum filed a motion for new trial on August 1, 2012, with respect to the trial court’s denial of his motion for damages.
On September 5, 2012, Karno filed a peremptory exception of no right of action to Yokum’s first supplemental and amending petition for damages and |sdeclaratory and injunctive relief, asserting that Polly Anderson, a named plaintiff, had no right of action against Karno under La. Civ. Code art. 667 as Anderson was not a landowner and did not have any ownership interest in any neighboring immovable in the vicinity of the Old Opera House.
On September 28, 2012, Karno filed a motion and order for devolutive appeal of the July 23, 2012 judgment and the underlying judgment of April 20, 2012. The trial court signed the order on October 8, but noted that several exceptions and a motion for new trial were set for hearing on October 12, 2012.
The trial court denied Yokum’s motion for new trial at the October 12 hearing and sustained Karno’s peremptory exception of no right of action. A written judgment was signed on October 29, 2012. Karno filed a second motion and order for devolu-tive appeal on November 8, 2012, to appeal the same July 23 and April 20, 2012 judgments. Yokum filed a notice of intent to seek supervisory review on November 16, 2012, relative to the October 12, 2012 judgment denying his motion for new trial and sustaining Karno’s exception of no right of action.
The appeal and writ have been consolidated in this Court. Yokum filed a motion to dismiss Karno’s appeal as untimely. For the following reasons, we deny Yo-kum’s motion to dismiss, affirm the July 23, 2012 judgment of the trial court, and deny Yokum’s writ application.
A. Motion to Dismiss Appeal as Untimely
Yokum filed á motion to dismiss appeal in this Court arguing that Kárno’s appeal was not timely. Specifically, Yokum argues that Karno’s appeal of the 14April 20, 2012 judgment was filed more than fifteen days after it was rendered, in violation of La.Code Civ. Proc. art. 3612 C. The article provides:
C. An appeal from an order or judgment relating to a preliminary injunction must be taken, and any bond required must be furnished, within fifteen days from the date of the order or judgment. The court in its discretion may stay further proceedings until the appeal has been decided.
Karno counters that the April 20, 2012 judgment was interlocutory in nature because although the trial court did find Karno in violation of the preliminary injunction, it did not assess a penalty. Rather, sanctions were not imposed by the trial court until the hearing on June 22, 2012, and made final in the judgment rendered on July 23, 2012.
*727 This Court has held that “[u]ntil such time as the trial court actually imposes a criminal sentence or sanctions, there is nothing to appeal.” Branstetter v. Purohit, 06-1435, p. 4 (La.App. 4 Cir. 5/2/07), 958 So.2d 740, 743. Accordingly, a finding of contempt, without imposing either monetary or criminal sanctions, is a non-ap-pealable interlocutory judgment. As such, there was no judgment from which to appeal until the July 23, 2012 final judgment.
Karno filed its first motion and order for devolutive appeal on September 28, 2012, which is also arguably not within the fifteen day time limit set forth in La.Code Civ. Proc. art. 3612 C. However, we do not agree with Yokum that the fifteen day time limit is applicable to an appeal of a judgment of contempt. Article 3612 refers to orders or judgments “relating to a preliminary injunction.” We have found no case law, nor is any cited by Yokum, to suggest otherwise. Instead, we find that the normal delays for appeal, as set forth in La.Code Civ. Proc. art.2087, Rapply. Yokum filed a motion for new trial on August 1, 2012, which was denied by written judgment dated October 28, 2012. Karno then filed a second motion and order for devolutive appeal on November 8, 2012.
We therefore find Karno’s appeal to be timely and the motion to dismiss is denied.
B. Appeal No. 2012-CA-1736
Karno seeks reversal of the July 23, 2012 judgment of the trial court finding it in contempt of the preliminary injunction issued by the court on December 8, 2010. The injunction ordered Karno to comply with the City of New Orleans’ noise ordinance.
Yokum filed a motion for contempt on October 31, 2011[3], alleging that Karno had on two occasions, March 18 and 19, 2011, violated the preliminary injunction. After a hearing on March 14, 2012, the court found Karno had indeed violated the injunction, and advised Karno that “sanctions are forthcoming.” The court further instructed Karno to immediately institute policies and procedures to assure compliance with the December 8, 2010 judgment. The judgment also instructed Yokum to file a motion to determine damages in accord with La.Code Civ. Proc. art. 3611.
On June 22, 2012, the court heard numerous motions, including Karno’s motion for summary judgment regarding La. Civ. Code arts. 667, 668 and 669; Karno’s motion for summary judgment regarding La. R.S. 26:286A(14)(a) and La. R.S. 26:90(a); and Yokum’s motion to award damages. The trial court granted Karno’s motion for summary judgment regarding the state statutes, denied Karno’s [ ^motion for summary judgment regarding the civil code articles, and granted in part, denied in part Yokum’s motion to award damages.
Relative to the motion to award damages, the court ordered Karno to pay $1,000 within ten days to the clerk of court, and to pay Yokum’s expert fees and court costs in connection with the motion for contempt. The court declined to award civil damages to Yokum.
Karno maintains on appeal that it is not challenging the injunction itself, but is rather challenging the trial court’s interpretation of the ordinance. Karno’s argument has been reviewed by this Court on numerous occasions. In 2009-C-0248[4], *728 Karno argued, among other things, that the ordinance in question fails to give actual notice of the prohibited conduct. This Court noted in a similar case, Yokum v. Court of Two Sisters, Inc., 06-0732, p. 4 (La.App. 4 Cir. 11/21/06), 946 So.2d 671, a case in which Karno was named individually as a defendant and as the owner of the property leased to the restaurant, wherein this Court affirmed the grant of a preliminary injunction for violating the very same ordinance. We stated that “the trial judge’s specific reference to a particular noise ordinance adequately informs the defendant, pursuant to La.Code Civ. Proc. art. 3605, of the act ‘sought to be restrained’ by the preliminary injunction.” Id., p. 4, 946 So.2d at 674.
In 2010-C-0357[5], Yokum sought review of the trial court’s refusal to issue a preliminary injunction. Initially, this Court did not consider Yokum’s writ application for a procedural reason, but after remand from the Supreme Court, l7Yokum’s writ was granted on November 9, 2010, and we ordered the trial court to issue a preliminary injunction. No writ was taken by Karno to the Supreme Court.
The trial court issued the subject preliminary injunction on December 8, 2010, the very injunction which forms the basis of this appeal, and Karno appealed. The Supreme Court denied the writ. In 2011-CA-0231 [6], this Court dismissed the appeal based on res judicata, and Karno’s writ to the Supreme Court was denied.
Accordingly, we find no merit to this assignment of error on the basis of the prior findings by this Court that plaintiffs were entitled to the issuance of a preliminary injunction against defendant Karno,
Karno next argues that its due process rights were violated because on the same day that the trial court interpreted the putatively vague ordinance, it imposed criminal sanctions, and therefore, Karno was not given clear and actual notice of the facts constituting the contempt as required by law.
Yokum argues that the trial court did not find Karno in contempt, but rather found that it had violated the ordinance. We find this is a distinction without a difference, as La. Code Civ. Proc. art. 3611 states in part, “[disobedience of or resistance to a temporary restraining order or preliminary injunction or final injunction is punishable as a contempt of court.”
The April 20, 2012 judgment clearly stated that “Nicholas S. Karno, II, Inc., d/b/a Old Opera House is found to have violated the Injunction set forth in this Court’s December 8, 2010 Judgment, by its violations of the City of New Orleans’ 1 ^Municipal Code, Section 66-202, Louisiana Revised Statute 26:90A(14) a, and Louisiana Revised Statute 26:286A(14) a.”
We first address Karno’s argument that because the law was not clear, it could not be found in contempt for not following the directive of the court. As we have explained, this Court has previously determined that specific reference to a particular noise ordinance adequately informs the defendant of what conduct is sought to be restrained. Court of Two Sisters, supra. It therefore follows that the defendant was equally aware of what conduct constitutes a violation of the injunction.
We reject Karno’s second argument that the trial court could not impose a criminal, or even a civil penalty for violating a vague ordinance, for the previous reasons set forth herein.
*729 La.Code Civ. Proc. art. 224 addresses constructive contempt of court. Specifically, Article 224(2) explains that “[w]ilful disobedience of any lawful judgment, order, mandate, writ, or process of the court” is a contempt. Article 227 provides in part that “[t]he punishment which a court may impose upon a person adjudged guilty of a contempt of court is provided in R.S. 13:4611.” La. R.S. 13:4611(l)(b) provides that the punishment for disobeying or resisting a lawful preliminary injunction is “a fine of not more than one thousand dollars, or by imprisonment for not more than six months, or both.”
Because we find that the trial court did adjudge Karno in contempt of court, the punishment in the form of a fine of $1000 was lawful. This argument has no merit.
Karno raises as an assignment of error that the two state statutes, La. R.S. 26:90A(14) a, and La. R.S. 26:286A(14) a, do not apply to the Old Opera House, lain the July 23, 2012 judgment, which is the subject of this appeal, the trial court granted Karno’s motion for summary judgment on this issue making this assignment of error moot.
Finally, Karno argues that the trial court erred by ruling in favor of Polly Anderson, a long-time resident of Yokum’s home as she was not named as a movant in the motion for contempt. We agree. However, because Anderson was not named in the July 23, 2012 judgment, this assignment of error is also moot.
C. Writ No. 2012-C-1656
In his writ application, Yokum seeks review of the trial court’s denial of his motion for new trial regarding the July 23, 2012 judgment discussed infra. Particularly, Yokum argues that the trial court erred in not awarding him monetary damages. He also seeks review of the trial court’s grant of Karno’s exception of no right of action as to Polly Anderson in a judgment dated October 29, 2012.
Yokum seeks review of the trial court’s denial of his motion for new trial regarding the trial court’s ruling finding that Karno violated an existing preliminary injunction and ordering Karno to pay the costs of Yokum’s noise nuisance action, but denying his request for damages under La.Code Civ. Proc. art. 3611. Yokum argues that he is entitled to compensatory damages in connection with Karno’s violation of the noise ordinance. He relies on La.Code Civ. Proc. art. 3611, which provides:
Disobedience of or resistance to a temporary restraining order or preliminary or final injunction is punishable as a contempt of court. The court may cause to be undone or destroyed whatever may be done in violation of an injunction, and the person aggrieved thereby may recover the damages sustained as a result of the violation.
Id. (emphasis added).
| inYokum contends that the trial court misinterpreted the meaning of the article, which he argues clearly contemplates that in addition to fines for violations and awards of costs and expenses, an additional remedy to the mover for all civil damages associated with the contempt.
Karno counters that La.Code Civ. Proc. arts. 221-227 and La. R.S. 13:4611 govern the concept of contempt in our law and should be read together. He argues that there is a maximum fine of $1,000 that can be levied by the court, plus costs and expert fees. See Jackson Avenue Foundation, Inc. v. Lassair, 03-1759, p. 8 (La.App. 4 Cir. 6/2/04), 876 So.2d 926, 930-31.
*730 As this Court has explained in In re: Succession of Horrell, 07-1533, pp. 14-16 (La.App. 4 Cir. 10/1/08), 993 So.2d 354, 366:
A fine must be made payable to the court, not a party. City of Kenner v. Jumonville, 97-125, 97-210, 97-602 (La.App. 5 Cir. 8/27/97), 701 So.2d 223, 231. Fines for contempt of court are collectable by the sheriff and payable to the court or designated officials, rather than opposing litigants. La. C.C.P. art. 330. The reasoning underlying this requirement is that contempt proceedings are “designed for vindication of the dignity of the court rather than for the benefit of a litigant.” Joseph v. Entergy, 05-0263, p. 8 (La.App. 4 Cir. 8/3/05), 918 So.2d 47, 52.
[[Image here]]
Likewise we find the monetary “damage” assessments to be “fines” for Mr. Horrells’ act of contempt, pursuant to La. R.S. 13:4611. Further, we find that the trial court erred in making the fines payable to the Horrells’ attorneys as opposed to the court. A fine payable to the Horrells or their attorneys serves to benefit them and not vindicate the court.
Id. (emphasis added).
The trial court, in its discretion, awarded Yokum court costs and expert fees that Yokum incurred in connection with filing the motion for contempt. The trial court also ordered Karno to pay the court $1000 as a contempt sanction, although it lnwas erroneously included in the judgment as part of the granting in part and denying in part of Yokum’s motion for damages.
We disagree with Yokum’s interpretation that the trial court believed it could only impose a fine. Rather, we rely on the above cited jurisprudence and interpret the court’s actions to mean that it chose not to award civil damages, as was within its discretion. This interpretation is partially based on the trial court’s statement at the hearing: “As for other damages, that’s something that we would have to deal with at the time of trial as relates to your claim for damages based on Mr. Yo-kum’s mental anguish and other things of that sort.” In our view, the court was exercising its discretion to award damages in connection with the contempt in the form of fees and costs, and reserving judgment to the time of trial for any compensatory damages. Accordingly, we find no error in the trial court’s denial of Yokum’s motion for new trial.
The basis for Karno’s exception of no right of action when applying La. Civ. Code art. 667 to Polly Anderson’s cause of action, is that she does not co-own the property at 723 Toulouse, but rather lives at the address with Yokum. Yokum argues that Anderson has resided at that address since 1993, and most certainly qualifies as a “neighbor” to the offending property (Old Opera House).
La. Civ.Code art. 667 provides in part:
Although a proprietor may do with his estate whatever he pleases, still he cannot make any work on it, which may deprive his neighbor of the liberty of enjoying his own, or which may be the cause of any damage to him. However, if the work he makes on his estate deprives his neighbor of enjoyment or causes damage to him, he is answerable for damages only upon a showing that he knew, or in the exercise of reasonable care, should have known that his works would cause damage, that the damage could have been prevented by the 1 ^exercise of reasonable care, and that he failed to exercise such reasonable care.
Yokum further cites Inabnet v. Exxon Corp., 642 So.2d 1243, 1251 (La.1994), where the Louisiana Supreme Court de *731 fined the term “proprietor” as used in La. Civ.Code art. 667:
The term “proprietor” in Article 667 also has been expansively interpreted by the courts to apply not only to a landowner, but also to a person whose rights derive from the owner. See, e.g., Lombard v. Sewerage and Water Bd. of New Orleans, 284 So.2d 905 (La.1973); see generally Ferdinand F. Stone, Tort Doctrine in Louisiana: The Obligations of Neighborhood, 40 Tul. L.Rev. 701, 711 (1966). Therefore, delictual actions under Article 2315, based on conduct which violates the obligations of Articles 667-669 not to use one’s property so as to cause damage to neighbors or to deprive neighbors of the enjoyment of their property, may be brought by persons holding rights derived from the landowner or against such persons.
Karno asserts that no reversible error occurred when the trial court granted its peremptory exception of no right of action regarding Anderson under La. Civ.Code art. 667 because Anderson is not a lessee or an owner and has no right to or interest in immovable property belonging to Yokum, a necessary precondition for a right of action, citing Salter v. B.W.S. Corp., Inc., 290 So.2d 821 (La.1974). In Salter, an industrial waste disposal company began dumping chemical waste on certain property, and the Calcasieu Parish district attorney, a police juror and the mayor of DeQuincy obtained a restraining order. Salter, 290 So.2d at 823. An adjacent landowner, Ivey Vanwinkle, and an individual who described himself in the petition as a lessee, George Frazier, intervened. Id. Frazier “who occupie[d] a tract adjacent to the northeast corner of [the company’s] property, established that he had a shallow well to the depth of twenty-thirty [sic] feet located five hundred |lsfeet east of [the company’s] property.” Id. In determining whether Frazier had a right of action under La. Civ.Code art. 667, the Court found:
We must now consider whether Frazier, who is at most a lessee, has a right of action. In State ex rel. Villett [Violett] v. King, 46 La.Ann. 78, 14 So. 423 (1894), the court held that a tenant had a right of action in a proceeding to enjoin certain objectionable aspects of an operation conducted on neighboring property where that operation threatened the health and comfort of the tenant. In Robichaux v. Huppenbauer, 258 La. 139, 245 So.2d 385 (1971), we granted injunctive relief to tenants whose health and safety were threatened by the manner in which the neighboring property was being used. In Lombard v. Sewerage and Water Board of New Orleans, 284 So.2d 905 (La.1973), we recognized that ‘proprietor’ as used in C.C. 667 need not be limited to owners.
We find that under the circumstances before us Frazier has a legally cognizable interest in the litigation and has a right of action to seek an injunction.
Id. at 824 (emphasis added).
Karno argues that although Yokum relies on Salter, Salter merely stands for the proposition that a lessee has a right of action under La. Civ.Code art. 667.
We disagree. We interpret La. Civ. Code art. 667 to mean that Anderson’s rights derive from Yokum’s rights, and therefore, under the facts of this case, has a legally cognizable right of action.
D. Motion to Dismiss Upon Exception of Res Judicata
Yokum filed a second motion to dismiss after this case was submitted. We do not find that the exception lies.
Yokum argues that the issue of the preliminary injunction and whether it should have been granted has been consid *732 ered numerous times by the district court, this Court, and the Supreme Court. However, the issue before this Court on appeal is the motion for contempt of the preliminary injunction. Those are two separate and distinct issues.
114Accordingly, we deny Yokum’s motion to dismiss upon exception of res judicata.
E. Conclusion
For the reasons set forth herein, we deny Yokum’s motion to dismiss the appeal as untimely, affirm the July 23, 2012 judgment of the trial court, and deny Yokum’s writ as to the denial of his motion for new trial, but grant as to the exception of no right of action of Polly Anderson.
MOTION TO DISMISS AS UNTIMELY DENIED; APPEAL NO. 2012-CA-1736 AFFIRMED; WRIT NO. 2012-C-1656 DENIED IN PART, GRANTED IN PART MOTION TO DISMISS (RES JU-DICATA), DENIED

. The motion for contempt only claimed violations on March 18 and 19, 2011.

. This amount was itemized in an affidavit and attached spreadsheet compiled on behalf of Yokum. The dollar amount includes costs from August 5, 2009 to November 11, 2010, in pursuit of the preliminary injunction. Other costs were from January 13, 2011, to the time of preparation of the spreadsheet for costs incurred to establish the contempt.

. The motion for contempt was filed on behalf of Yokum only. Polly Anderson was not named as a movant.

. Yokum v. 615 Bourbon Street, L.L.C, d/b/a The Rock, Old Opera House, Inc., d/b/a Old Opera House and Willie Mintz, unpublished.

. Yokum v. Nicholas S. Karno, Inc., d/b/a Old Opera House, unpublished.

. Yokum v. Nicholas S. Karno, II, Inc., d/b/a Old Opera House, unpublished.