DANIEL L. DYSART, Judge.
620 Decatur, L.L.C., filed an appeal seeking reversal of a judgment finding it in contempt of court for violating a preliminary injunction previously issued by the trial court. New Jax Condominiums Association, Inc., filed a motion to dismiss the appeal. The appeal was dismissed based on this Court’s ruling in Yokum v. Karno, 12-1736, p. 4 (La.App. 4 Cir 10/23/13), 126 So.3d 723, 727, writ denied, 13-2706 (La.2/21/14), 133 So.3d 683, in which we held that “[ujntil such time as the trial court actually imposes a criminal sentence or sanctions, there is nothing to appeal.” However, because the motion for appeal was filed within the time limits to apply for a supervisory writ, we have converted the appeal to a supervisory writ.
MERITS OF WRIT APPLICATION:
A trial court is vested with great discretion to determine whether circumstances warrant holding a party in constructive contempt of court for willful disobedience of a court order. South East Auto Dealers Rental Ass’n, Inc. v. EZ Rent To Own, Inc., 09-0011, p. 8 (La.App. 4 Cir. 6/30/10), 42 So.3d 1094, 1099, Watters v. Dep’t of Social Services, 02-1425, p. 4 (La.App. 4 Cir. 6/4/03), 849 |2So.2d 734, 737. Appellate courts use the manifest error rule when reviewing the propriety of civil eon-tempt orders. Joseph v. Entergy, 05-0263, p. 6 (La.App. 4 Cir. 8/3/05), 918 So.2d 47, 51, citing Davis v. Harmony House Nursing Home, 35,080, p. 6 (La.App. 2 Cir. 10/31/01), 800 So.2d 92, 96; Sonnier v. Town of Vinton, 99-927, p. 3 (La.App. 3 Cir. 12/22/99), 759 So.2d 818, 820.
After a thorough review of the record of this matter, including the trial court’s reasons for judgment, we conclude that the evidence supports the trial court’s conclusion that 620 Decatur, L.L.C., was in constructive contempt of the preliminary injunction previously issued.
New Jax Condominiums Association, Inc., presented evidence of 620 Decatur, L.L.C.’s willful disobedience of the protective order through its expert witness, who the trial court found to be credible and to have used the proper equipment by which to measure the sound. The trial court also found that, although 620 Decatur, L.L.C., purchased a limiter to regulate the sound emanating from the club, the limiter was intentionally set at a level above what the ordinance would allow. Thus, we do not find that the trial court was manifestly erroneous in its ruling.
Accordingly, we deny 620 Decatur, L.L.C.’s writ application.