| | | |
|---|---|---|
| **WILLIAM R. FORRESTER, JR. AND REGAN A. FORRESTER** | * | **NO. 2019-CA-0359** |
| | * | |
| **VERSUS** | * | **COURT OF APPEAL** |
| | * | |
| **JOSHUA L. BRUNO** | * | **FOURTH CIRCUIT** |
| | * | **STATE OF LOUISIANA** |

\* \* \* \* \* \* \*

APPEAL FROM
CIVIL DISTRICT COURT, ORLEANS PARISH
NO. 2016-02574 C\W 2017-09024, DIVISION "F"
Honorable Christopher J. Bruno, Judge
\* \* \* \* \* \*
**JAMES F. MCKAY III**
**CHIEF JUDGE**
\* \* \* \* \* \*
(Court composed of Chief Judge James F. McKay III, Judge Daniel L. Dysart, Judge Joy Cossich Lobrano)

**LOBRANO, J., CONCURS IN THE RESULT**

KYLE SCHONEKAS
MARIA G. MARKS
SCHONEKAS, EVANS, McGOEY & McEACHIN, L.L.C.
909 Poydras Street, Suite 1600
New Orleans, Louisiana 70112
        COUNSEL FOR PLAINTIFFS/APPELLEES


THOMAS A. ROBICHAUX
ATTORNEY AND COUNSELOR AT LAW
1317 Milan Street
New Orleans, Louisiana 70115
        COUNSEL FOR DEFENDANT/APPELLANT

**AFFIRMED**

**NOVEMBER 6, 2019**

This is the second appeal in these consolidated actions involving a boundary dispute and the issuance of a preliminary injunction. Defendant, Joshua Bruno ("Bruno"), appeals the January 15, 2019 judgment granting a Motion for Contempt for Violation of Preliminary Injunction, Motion to Enforce Existing Preliminary Injunction, and for Modification to Include Additional Injunctive Relief in favor of plaintiffs, Katherine McCool and Dean Smith (collectively, the "McCools")[1]. For the reasons set forth below, we affirm.

**STATEMENT OF FACTS AND PROCEDURAL HISTORY**

William and Regan Forrester (the "Forresters") have resided at 1442 Nashville Avenue in New Orleans since 1984. The McCools bought their home at 1458 Nashville Avenue in December 2014. In August 2015, Bruno purchased 1448 Nashville Avenue (the home that lies between the Forresters and the McCools). The Forresters and Bruno share a garage located in the rear of their properties and bounded by Garfield Street.

In March 2016, the Forresters filed a Petition to Fix Boundary, alleging that Bruno encroached on their property beyond the boundaries set forth in his deed and

---

[1] Ms. McCool and Dr. Smith are married. In a prior appeal, this Court referenced the couple as the McCools because only Ms. McCool testified at the initial hearing for injunctive relief. For consistency, we will also refer to the plaintiffs/appellees as the McCools.

1

survey. In September 2017, the McCools filed a Petition to Fix Boundary; Petition to Enjoin Criminal Trespass; Destruction of Immovable Property; Request for Treble Damages; and Request for Injunction. The two matters were consolidated.

In May 2018, the Forresters amended their petition alleging that Bruno made verbal threats, intentionally damaged, altered or removed the Forresters' property, and continually encroached and trespassed on their property. The Forresters also sought a preliminary injunction against Bruno.

The McCools filed a motion for preliminary injunction in May 2018, to enjoin Bruno, his agents, and guests from parking, trespassing and throwing items on their property and to prohibit Bruno from cursing, harassing, making obscene gestures, or threatening the McCools.

The trial court heard testimony in the consolidated matters on May 22, 2018. In a judgment rendered on June 11, 2018, the McCools' motion for preliminary injunction was granted in part and denied in part, as follows:

- Kathryn McCool and Dean Smith's *Motion for Preliminary Injunction* is denied for the flowerbed/garden area.[2] (emphasis in original).

- Kathryn McCool and Dean Smith's Motion for Preliminary Injunction is granted insofar as Joshua Bruno is hereby ordered to cease all communications or contact with Kathryn McCool and Dean Smith. Any necessary communications must go through the parties' attorneys.

- Joshua Bruno is also prohibited from entering Ms. McCool's driveway, but may walk through the flowerbed/garden area as needed.

- Joshua Bruno is prohibited from allowing his workers to enter Ms. McCool's property or store their materials on her property.

---

[2] The record demonstrates that there is a narrow landscaped area between the McCools' driveway and the side of Bruno's house. This is one of the areas at issue in the boundary dispute/adverse possession claim, to be resolved at a trial on the merits. For that reason, as the trial court later explained in the present matter, the preliminary injunction did not include this garden area.

In a separate judgment rendered on June 14, 2018, the Forresters' motion for preliminary judgment was granted, prohibiting Bruno from the following

- Encroaching, entering or trespassing on the property of the plaintiffs at 1442 Nashville Avenue, New Orleans, Louisiana, which property is highlighted in yellow on the survey by Sam Z. Scandalias dated January 18, 1994, included in and made a part of this Order, as follows: ( survey omitted).

- Damaging, removing or obstructing any equipment and/or movable property of plaintiffs; and

- Harassing, threatening and provoking William Forrester and Regan Forrester, as well as any of their family or guests.

Bruno filed a devolutive appeal from both judgments ("first appeal"). In an opinion rendered on May 1, 2019, this Court affirmed, stating:

> Our review of the record reveals the district court thoroughly considered witness testimony and the evidence submitted. As noted earlier in this opinion, the district court found Mr. Bruno's acts of vandalism and bullying to be "troubling" and, consequently, rising to the level of irreparable harm. We find no abuse of the district court's discretion in granting the Forresters' request for preliminary injunction and granting, in part, the McCools' request for a preliminary injunction.

*Forrester v Bruno*, 2018-0648, 2018-0649, p. 19 (La. App. 4 Cir. 5/1/19), --- So.3d ---, 2019 WL 1940341 (footnote omitted).

In December 2018, while the first appeal was still pending, the McCools filed an emergency motion for contempt, sanctions and damages against Bruno for violation of the preliminary injunction and for modification to include additional relief. The McCools alleged therein that because of Bruno's continued disregard for the court's ruling, they would suffer irreparable harm unless they were granted additional relief.

A hearing was held on December 12, 2018. During her testimony, Ms. McCool identified photographs which her husband took from their front porch on November 1, 2018. One photograph showed Mr. Bruno's automobile, with the

trunk open, parked in the McCools' driveway. Another photograph showed Mr. Bruno appearing to wave in the direction of the McCools' house while he removed packages from the trunk. A third photograph showed Bruno's automobile left unattended in the McCools' driveway. Ms. McCool stated that Bruno parked in her driveway on two other occasions, but she did not have evidence of those events.

Ms. McCool testified that on November 14, 2018, Bruno's agents entered her driveway and removed two shrubs, six to eight foot tall, that were located on her property between her driveway and the side of Bruno's home. She denied the assertion that Bruno planted the shrubs, explaining that they existed long before Bruno purchased his home. Ms. McCool further testified that the shrubs were cut down and removed while she was attending an adjudication hearing at the Safety and Permit Board in connection with a building code violation alleged against Bruno. Apparently, two water heaters installed on the outside of Bruno's home were in violation of building code regulations because there was not enough clearance between the water heaters and the two shrubs.

The McCools introduced photographs of the shrubs taken around 10:00 a.m. on the morning of November 14, 2018. She also introduced photographs taken later that day, around 11:20 a.m., showing that the shrubs had been cut down. Surveillance video from that date was presented, showing an individual making numerous trips back and forth in her driveway, loading branches into a Metrowide Apartment van. Mr. Bruno owns Metrowide Apartments. Upon her return home, at approximately 11:20 a.m., she noticed pieces of the shrubs scattered in the middle of her driveway. Still images ("screen shots") taken from the surveillance video were authenticated at trial and introduced into evidence. Following Ms.

4

McCool's testimony, counsel for Bruno conceded that Bruno had the shrubs cut down. Bruno did not testify.

Finally, The McCools introduced (without objection) the November 9, 2018 Joint Surveyor's Report of the properties, indicating that the two shrubs in question were located on the McCools' property. The trial court previously ordered the joint survey in connection with the boundary dispute/adverse possession claim, which has yet to be brought for trial. [3]

In connection with the hearing, a judgment was rendered on January 15, 2019, ordering, in pertinent part, as follows:

- The preliminary Injunction entered on May 22, 2018 and signed on June 11, 2018 remains in effect except insofar as modified herein;

- Joshua Bruno, his agents, employees, and/or anyone acting on his behalf are prohibited from stopping, standing, and/or parking on Plaintiffs' driveway or within 3 feet of Plaintiffs' driveway as mandated by city ordinances;

- Joshua Bruno, his agents, employees, and/or anyone acting on his behalf are prohibited from trespassing onto Plaintiffs' property as indicated in the Joint Surveyor's Report dated November 9, 2018; Joshua Bruno, his agents, employees, and/or anyone on his behalf are prohibited from entering Plaintiffs' property, the boundaries of which are set forth in the Joint Survey Report dated November 9, 2018;

- Joshua Bruno, his agents, employees, and/or anyone else on his behalf are prohibited from destroying Plaintiffs' property including, but not limited to, cutting or removing any plants, trees, roots or other vegetation on said property, the boundaries of which are set forth in the Joint Survey Report dated November 9, 2018, notwithstanding Mr. Bruno's pending claim of adverse possession.

Bruno was also found in contempt of court for violating the preliminary injunction.

---

[3] Concerning the boundary dispute, the parties consented to an August 9, 2018 judgment, wherein it was ordered that the three parties' respective land surveyors would meet and compare their surveys and determine if there were any discrepancies with respect to the boundary lines. Upon conferring, the surveyors were requested to submit a joint report and/or common survey indicating the property lines/boundaries or detailing any discrepancies found in their respective surveys concerning the boundary lines. As a result, the November 9, 2018 Joint Surveyor's Report was drafted.

Bruno filed a motion for suspensive appeal from the January 5, 2019 judgment. The trial court denied the motion and granted a devolutive appeal, requiring a $5,000.00 appeal bond.

On appeal, Bruno asserts that the trial court erred in: 1) finding that the preliminary injunction was violated; 2) altering the preliminary injunction while the original action was on appeal; 3) levying a $5,000.00 appeal bond for the devolutive appeal; 4) signing a judgment containing language and substance outside of the court's verbal order; and 5) taking any action while an appeal is pending except enforcement of the judgment.

### *Assignment of Error No. 1: Finding that Bruno violated the Preliminary Injunction*

Bruno argues that the evidence was insufficient to show that he violated the preliminary injunction and, thus, the trial court erred in holding him in contempt. Specifically, his appellant brief asserts that "there is no video or photographic evidence that the [Bruno's] car or the employees [were] actually in the driveway itself in violation of the preliminary injunction." This assertion is totally baseless.

The evidence presented by the McCools unequivocally demonstrated Bruno's flagrant and deliberate violation of the preliminary injunction. The photographs submitted by the McCools show Bruno parking in their driveway on at least one occasion. Additionally, the photographic evidence introduced by the McCools, together with Bruno's counsel's own concession, established that Bruno instructed his agents to enter the McCools' property in order to cut down shrubbery. Accordingly, the trial court correctly determined that Bruno violated the preliminary injunction.

6

It is well established that "[a] trial court is vested with great discretion to determine whether circumstances warrant holding a party in constructive contempt of court for willful disobedience of a court order." *New Jax Condominiums Ass'n, Inc. v. 620 Decatur, L.L.C.*, 2014-0026, pp. 1-2 (La. App. 4 Cir. 5/28/14), 141 So.3d 932, 933 (citations omitted). "Appellate courts use the manifest error rule when reviewing the propriety of civil contempt orders." *Id*. at p. 2, 141So.3d at 933. Considering Bruno's flagrant disregard for the prohibitions set forth in the preliminary injunction, we find no manifest error on the part of the trial court in holding Bruno in contempt of court. This assignment of error is without merit.

### Assignments of Error No. 2 and No. 5: Amending the Preliminary Injunction (taking any action) while the first appeal was pending.

Generally, Bruno argues that the trial court had no authority to modify the injunction because it was divested of jurisdiction given the fact that the first appeal of the preliminary injunction was pending at the time. In support of this argument, Bruno relies on La. C.C.P. art. 2088, which provides in part that "[t]he jurisdiction of the trial court over all matters in the case reviewable under the appeal is divested, and that of the appellate court attaches, on the granting of the order of appeal and the timely filing of the appeal bond, in the case of a suspensive appeal or on the granting of the order of appeal, in the case of a devolutive appeal."

The McCools counter, asserting that La. C.C.P. art. 2088 does not dictate that the trial court is divested of jurisdiction to modify the preliminary injunction. We agree. La. C.C.P. art. 3607 specifically allows for the modification of a preliminary injunction. In the present case, the evidence substantiated Bruno's continual violations of the preliminary injunction, which dictated the need to clarify and modify the injunction to prevent further irreparable harm to the

McCools.  It is clear from statements made from the bench that the trial court believed that the modifications were necessary to ensure that further violations did not occur.  Under the circumstances, the trial court was clearly within its discretion to modify the preliminary injunction.

***Assignment of Error No. 3:  Setting an appeal bond on a devolutive appeal.***

Bruno asserts that the trial court erred in denying his motion for suspensive appeal and setting a $5,000.00 bond for a devolutive appeal.  This assignment of error is without merit.

La. C.C.P. art. 3612(B) provides that "[a]n appeal may be taken as a matter of right from an order or judgment relating to a preliminary or final injunction, but such an order or judgment shall not be suspended during the pendency of an appeal unless the court in its discretion so orders."  Considering the evidence presented by the McCools in this matter, we find no abuse of discretion on the part of the trial court in denying Bruno's motion for a suspensive appeal.

Regarding the appeal bond, Bruno relies on La. C.C.P. art. 2124(A), which provides that "[n]o security is required for a devolutive appeal."  We recognize that La. C.C.P. art. 2124 was amended in 1977 to eliminate the requirement for security for devolutive appeals.  However, Bruno cites no authority, and this Court is aware of no jurisprudence that would prohibit a trial court from ordering a bond in a devolutive appeal when warranted.  Again, considering the uncontroverted evidence presented against Bruno in this matter, the trial court did not err in ordering Bruno to pay an appeal bond for this devolutive appeal.

***Assignment of Error No. 4: Signing a judgment containing language and substance outside of the trial court's verbal order.***

Bruno argues that the January 15, 2019 judgment contained language amending the preliminary judgment that was not ruled upon from the bench. He asserts that the McCools submitted a proposed judgment[4] that included changes to the preliminary injunction that were not ruled upon. Bruno further argues that the trial court "did not actually have a hearing on the issues that were added to the judgment." We find no merit in this assignment of error.

First, it is well-settled that a trial court's "oral or written reasons for judgment form no part of the judgment and that appellate courts review judgments, not reasons for judgment." *Wooley v. Lucksinger*, 2009-0571, p. 77 (La. 4/1/11), 61 So.3d 507, 572. Second, our review of the record reveals that the signed judgment comports with the evidence presented at trial. That evidence supports the trial court's finding that the preliminary injunction was violated and that modification, i.e. clarification, of the preliminary injunction was necessary to prevent further violations and further irreparable harm to the McCools.

## DECREE

For the foregoing reasons, we find no merit to Bruno's assignments of error. Accordingly, the January 15, 2019 judgment is affirmed.

**AFFIRMED**

---

[4] The proposed judgment submitted by the McCools was adopted by the trial court over Bruno's objection.